JOANNE JACKSON LOFQUIST v. ALLSTATE INSURANCE COMPANY.

(Filed 29 January, 1965.)

**1. Insurance § 3—**

Statutory requirements become as much a part of a policy of insurance as though expressly written therein.

**2. Insurance § 53.2—**

By statutory requirement, an operator's policy of liability insurance protects against liability resulting from the insured's operation of any motor vehicle, G.S. 20-279.21(c), while an owner's policy protects the insured and other persons using the insured vehicle with the owner's permission from liability arising out of the use of the vehicle or vehicles designated in the policy only, and whether a policy is an operator's or an owner's liability policy depends upon the intent of the parties as gathered from the language used in the written contract.

**3. Insurance § 54—**

The policy in suit covered liability of the named insured arising out of the ownership, maintenance and use of "the automobile." The policy prescribed the coverage of the word "automobile" and excluded a motorcycle from coverage. At the time of the issuance of the policy insured owned a motor scooter covered by the policy, but thereafter purchased, in addition to the scooter, a motorcycle which was involved in the collision in question. *Held:* The policy was an owner's and not an operator's liability policy, and the exclusion of the motorcycle from coverage of the policy is valid.

APPEAL by plaintiff from *Olive, J.,* June 15, 1964 Civil Session of ORANGE.

Plaintiff sustained personal injuries on April 24, 1959, when the automobile owned and operated by her collided with a motorcycle owned and operated by John Stephen Daves (hereafter John). John died as a result of injuries sustained in the collision. The liability of his estate, for plaintiff's injuries, and the amount to be paid were established by judgment rendered by the United States District Court for the Middle District of North Carolina in an action instituted by plaintiff against the administrator of John's estate.

Plaintiff brought this action to recover from defendant the amount awarded her by the District Court. To impose liability on defendant, she alleged defendant issued to John a liability insurance policy, as required by G.S. 20-309. Defendant admitted issuing the policy. It denied the policy insured against liability resulting from the operation of the motorcycle involved in the collision with plaintiff's car.

The parties waived a jury trial. Based on stipulations and documentary evidence, the court adjudged defendant not liable to plaintiff.

*Haywood, Denny & Miller for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin for defendant appellee.*

RODMAN, J. Summarized, the pertinent facts as stipulated and found by the court are: John, son of Dewey L. Daves (hereafter Dewey) was, during the school year 1958-59, a student at State College in Raleigh. He was 19 years of age. Dewey's home was China Grove, R.F.D. John worked in the summer as a truck driver. He used his earnings to supplement funds provided by his father to pay his expenses in attending college.

John, in November 1958, purchased a 1955 Allstate motor scooter from Benny Leazer. Dewey provided the money necessary to make the purchase. The motor scooter was thereafter registered with the Department of Motor Vehicles in Dewey's name, and was so registered when plaintiff was injured. The motor scooter was kept in Raleigh and used by John until his death on April 24, 1959. It was in good condition when sold.

On March 27, 1959, John purchased and took possession of a 1954 BSA 2 cylinder motorcycle. He was riding this motorcycle when he collided with plaintiff's automobile. Defendant was not notified of the purchase of the motorcycle until after the collision. The motorcycle did not replace the motor scooter.

The only motor vehicle to which John could assert claim of ownership, when he purchased the motorcycle, was the motor scooter described in the policy of insurance. Dewey owned a 1952 Buick automobile from December 15, 1957 to April 1963. During all of that period Dewey carried automobile liability insurance on his Buick with American Employers Insurance Company.

On February 16, 1959, John applied to defendant, in his and Dewey's name, for a policy of liability insurance. Based on the application, defendant issued to John and Dewey its policy "in compliance with the North Carolina Financial Responsibility Act." The policy provided protection from 12:01 a.m. February 17, 1959 to 12:01 a.m. February 17, 1960; and obligated defendant "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of *the automobile.*" (Emphasis supplied.)

The application and endorsement constituting a part of the policy defined "the automobile" as a "55 Allstate 1 motor scooter 266799." The word "automobile" is defined in the body of the policy as "(1) Described Automobile—the motor vehicle or trailer described in this policy * * * (4) Newly Acquired Automobile—an automobile, owner-

ship of which is acquired by the named insured * * * if (i) it replaces an automobile * * * covered by this policy, or *the company insures all automobiles owned by the named insured* * * * and (ii) the named insured * * * notifies the company within thirty days following such delivery date * * *." (Emphasis supplied.)

Attached to and made a part of the policy is an endorsement reading: "MOTOR DRIVEN BICYCLES, MOTORIZED SCOOTERS AND SIMILAR TYPES. In consideration of the premium charged, it is agreed that, anything in the policy to the contrary notwithstanding, the word 'automobile' as used in this policy * * * shall be limited to mean the motor vehicle described in the Declarations, or an equivalent motor driven bicycle or motorized scooter but not a motorcycle."

The policy contains these further provisions: "SEVERABILITY OF INTERESTS—COVERAGES A AND B. The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

"TERMS OF POLICY CONFORMED TO STATUTE. Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

Plaintiff asserts liability on this theory: The motorcycle was a newly acquired automobile, and since protection was accorded John and Dewey, severally and not jointly, each was entitled to the benefits of the provision relating to a newly acquired motor vehicle. The motor scooter was the only motor vehicle owned by John. It was insured by defendant. These facts, by express policy language, accorded John protection for thirty days from the date he purchased the motorcycle.

Whether there is merit in this contention depends on the validity of the endorsement excluding motorcycles from the policy provisions. The validity of the endorsement depends on the kind of policy issued to John. Was it an owner's policy, or was it an operator's policy? Either may be purchased, G.S. 20-279.21(a). If an owner's policy, defendant was not required to provide automatic insurance for a newly acquired motor vehicle. It had the privilege of inserting such a provision, and could limit the privilege to particular types or kinds of motor vehicles. It was required to "designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted." G.S. 20-279.21(b)(1). The endorsement excluding motorcycles was a proper exercise of insurer's right in an owner's policy.

An operator's policy, unlike an owner's policy, requires the company to "insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, *and within thirty (30)*

*days following the date of its delivery to him of any motor vehicle owned by him * * *."* G.S. 20-279.21(c). (Emphasis supplied.)

This statutory requirement for automatic insurance for thirty days for a motor vehicle acquired by an "operator" is as much a part of the policy as if expressly written therein. *Crisp v. Insurance Co.*, 256 N.C. 408, 124 S.E. 2d 149; *Nixon v. Insurance Co.*, 255 N.C. 106, 120 S.E. 2d 430.

Whether the policy insured John as an owner or as an operator depends on the intent of the parties. That intent must be ascertained from the language used in the written contract. *Hawley v. Insurance Co.*, 257 N.C. 381, 126 S.E. 2d 161; *Richardson v. Insurance Co.*, 254 N.C. 711, 119 S.E. 2d 871; *Rivers v. Insurance Co.*, 245 N.C. 461, 96 S.E. 2d 431.

The difference between an owner's policy and an operator's policy is this: An owner's policy protects the owner, as the named insured; it also protects any other person using the insured vehicle, with the owner's permission, G.S. 20-279.21(b)(2). It does not protect against liability resulting from the use of a motor vehicle not described in the policy. An operator's policy, on the other hand, protects the named insured against liability arising from the use of *any* motor vehicle. The policy on which plaintiff bases her right to recover is, by its terms, an owner's—not an operator's policy. It did not protect either of the named insured against liability arising from the use of a motorcycle. *Ransom v. Casualty Co.*, 250 N.C. 60, 108 S.E. 2d 22; *Miller v. Casualty Co.*, 245 N.C. 526, 96 S.E. 2d 860; *Howell v. Indemnity Co.*, 237 N.C. 227, *supra; Robinson v. Georgia Casualty and Surety Company*, 110 S.E. 2d 255.

Affirmed.