NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF v. ROBERT F. WELCH, JR., DAVID WOODARD, DAVID WOODARD D/B/A WOODARD TILE COMPANY AND THURMAN POWELL, DEFENDANTS

No. 9410SC585

(Filed 18 April 1995)

## 1. Insurance § 554 (NCI4th)— pickup truck used in business—not listed in personal policy—not covered

A pickup truck involved in an accident was not covered under a personal auto policy where the truck was registered to a tile company, was being driven within the course and scope of the driver's employment with the tile company, was insured under a business auto policy, and the owner of the company had a personal auto policy which did not list the truck, but which defendant Welch contended covered the truck under the definition of covered auto. The truck was not listed in the Declarations of the personal policy, it was not a replacement vehicle for the auto listed in the policy, and the owner had never asked Farm Bureau to insure the truck under the personal auto policy.

**Am Jur 2d, Automobile Insurance § 152.**

## 2. Insurance § 572 (NCI4th)— pickup truck used in business—not covered under personal policy exception to exclusion

An exception to an exclusion in a personal auto policy did not provide coverage for a pickup truck used in a business where defendant Welch contended that the exception was ambiguous and should be resolved to provide coverage, but there was no evidence that the pickup truck was a household vehicle, it was listed under a business policy, and the evidence showed that it was used in the owner's business. Therefore, the exception to an exclusion

N.C. FARM BUREAU MUT. INS. CO. v. WELCH

[118 N.C. App. 544 (1995)]

for vehicles owned by a family member or furnished for the regular use of a family member did not provide coverage for the truck.

**Am Jur 2d, Automobile Insurance §§ 330 et seq.**

Appeal by defendant Robert F. Welch, Jr. from judgment entered 24 March 1994 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 23 February 1995.

On 13 January 1993, Thurman Powell (hereinafter Powell) was driving a 1980 Chevrolet pickup truck when it collided with a motorcycle driven by Robert F. Welch, Jr. (hereinafter Welch). Welch was injured as a result of the accident.

At the time of the accident, the pickup truck was registered to Woodard Tile Company, a tile business operated by David Woodard (hereinafter Woodard). Powell was driving the pickup truck within the course and scope of his employment with Woodard Tile Company. Woodard, doing business as Woodard Tile Company, was insured under a North Carolina Farm Bureau Mutual Insurance Company (hereinafter Farm Bureau) business auto policy which provided liability coverage for bodily injury damages of $100,000 per person. The pickup truck involved in the accident was covered under the business auto policy. Woodard and his wife, Lou W. Woodard, were named insureds under a Farm Bureau personal auto policy which provided liability coverage for bodily injury damages of $100,000 per person. The only vehicle listed under the personal auto policy was a 1987 Pontiac 6000.

On 10 June 1993, Welch filed a personal injury action in Pitt County against Woodard, Woodard Tile Company, and Powell. Farm Bureau then filed a declaratory judgment action to determine whether there was coverage under the personal auto policy for any recovery that Welch might obtain in the underlying personal injury action in Pitt County. After discovery, both parties made motions for summary judgment. On 23 March 1994, Farm Bureau and Welch stipulated that Woodard was legally responsible for the $190,000 in bodily injury damages suffered by Welch as a result of the accident. Farm Bureau agreed to pay $100,000 to Welch under the business auto policy. On 24 March 1994, the trial court granted Farm Bureau's motion for summary judgment and declared that the personal auto policy provided no coverage for the injuries of Welch arising out of the 13 January 1993 accident.

**N.C. FARM BUREAU MUT. INS. CO. v. WELCH**

[118 N.C. App. 544 (1995)]

Welch appeals.

*Thompson, Barefoot & Smyth, L.L.P., by Theodore B. Smyth, for plaintiff-appellee.*

*Hardee & Hardee, by Charles R. Hardee and G. Wayne Hardee, for defendant-appellant Robert F. Welch, Jr.*

EAGLES, Judge.

[1] Welch argues that the trial court erred in granting Farm Bureau's summary judgment motion and in declaring that the personal auto policy provided no coverage for Welch's injuries.

Welch contends that a liberal construction of the definition of "[y]our covered auto" shows that the pickup truck driven by Powell at the time of the accident was a covered auto under the Woodards' personal auto policy. The pertinent portion of the personal auto policy provides:

"Your covered auto" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

   a. a private passenger auto or station wagon type; or

   b. a pickup truck or van that:

      (1) has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

      (2) is not used for the delivery or transportation of goods and materials unless such use is:

         (a) incidental to your business of installing, maintaining or repairing furnishings or equipment; or

         (b) for farming or ranching.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations, if you:

   a. acquire the vehicle during the policy period; and

b. ask us to insure it:

    (1) during the policy period; or

    (2) within 30 days after you become the owner.

Welch interprets this language to mean that the definition of "[y]our covered auto" includes two categories of autos: (1) autos which are listed in the declarations page and (2) autos which fall within the specifications of paragraph two of the covered auto definition. Welch interprets the language following paragraph two to mean that if either of the two categories of covered autos are replaced or if autos are subsequently acquired, these replacement autos or additional autos will not be covered under the policy unless there is compliance with the replacement auto or additional auto provisions in the policy. Therefore, Welch argues that the pickup truck was a "covered auto" under paragraph two because it was owned by Woodard, had a gross vehicle weight of less than 10,000 pounds, and was used in Woodard's tile business to transport Woodard's employees and materials used in the installation of tile.

We disagree with Welch's contention that the pickup truck is a covered auto. In *N.C. Farm Bureau Mut. Ins. v. Walton*, 107 N.C. App. 207, 418 S.E.2d 837 (1992), the definition of "[y]our covered auto" appeared in the same format as it appears here. There, we interpreted the language to provide that if the vehicle involved in the accident was not listed in the Declarations of the policy, the owner of the acquired vehicle either had to ask Farm Bureau to insure it as an additional auto or the vehicle had to qualify as a replacement auto for it to gain coverage as a covered auto under the personal auto policy. *Walton* at 210, 418 S.E.2d at 840. The pickup truck here was not listed in the Declarations of the personal auto policy; the pickup truck was not a replacement vehicle for the 1987 Pontiac 6000 listed in the Declarations of the personal auto policy; and Woodard never asked Farm Bureau to insure the pickup truck under the personal auto policy. Accordingly, we hold that the pickup truck is not a covered auto under the personal auto policy.

[2] Welch also contends that summary judgment in favor of Farm Bureau was error because the language of two exclusions in the personal auto policy did not exclude coverage for Welch's injuries. Exclusion B. provides:

B. We do not provide Liability coverage for the ownership, maintenance or use of:

1. Any vehicle, other than your covered auto, which is:

a. owned by you; or

b. furnished for your regular use.

2. Any vehicle, other than your covered auto, which is:

a. owned by any family member; or

b. furnished for the regular use of any family member.

However, this exclusion (B.2.) does not apply to your maintenance or use of any vehicle which is:

a. owned by a family member; or

b. furnished for the regular use of a family member.

Welch argues that this language is ambiguous and should be resolved in his favor to provide coverage for his injuries. However, in *Walton*, we discussed the purpose of Exclusion B. and stated:

> The exclusions contained in these policies are common and serve the important purpose of providing coverage for the infrequent or casual use of automobiles not listed in the Declarations, while excluding coverage for automobiles available for the regular use of family members. If automobile insurance policies did not contain these limitations, an insured simply could list one vehicle in the Declarations and receive insurance coverage for any number of household vehicles.

*Walton* at 212-13, 418 S.E.2d at 841 (citations omitted). Here, there is no evidence to show that the pickup truck was a household vehicle. Rather, the pickup truck was listed as a covered auto under the business auto policy and the evidence shows that the pickup truck was used in Woodard's tile business. Accordingly, we conclude that the exception to Exclusion B. of Farm Bureau's personal auto policy did not provide coverage for the pickup truck.

Welch also argues that Exclusion A.7. of the personal auto policy did not prevent coverage. Exclusion A.7. of the personal auto policy provides:

A.   We do not provide Liability coverage for any person:

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:

a. private passenger auto;

b. pickup or van that you own; or

c. trailer used with a vehicle described in a. or b. above.

Because we have concluded that the pickup truck was not a covered vehicle under the policy, we do not need to determine whether Exclusion A.7. prevented Woodard from being a covered person under the personal auto policy. *See Walton* at 211, 418 S.E.2d at 840 (stating that even where the person involved in the accident was a covered person within the meaning of the personal auto policy, the insurance company still was not liable because the vehicle involved in the accident was not a covered vehicle). Accordingly, we hold that the trial court did not err in granting summary judgment for Farm Bureau because the personal auto policy provided no coverage for Welch's injuries.

Affirmed.

Judges WALKER and McGEE concur.