## HESTER v. ALLSTATE INS. CO.

[126 N.C. App. 173 (1997)]

GROVER A. HESTER, Plaintiff v. ALLSTATE INSURANCE COMPANY, N.C. FARM
     BUREAU MUTUAL INSURANCE COMPANY, ROBERT S. LOWERY and KEY
     AUTOMOBILE ASSOCIATES, Defendants

No. COA96-739

(Filed 6 May 1997)

**Insurance § 571 (NCI4th)— automobile liability insurance—
furnished for regular use—ambiguous exclusion—coverage
not precluded**

An exclusion in a personal automobile liability policy for a
vehicle not named in the policy but furnished for the regular
use of the named insured was ambiguous and did not preclude lia-
bility coverage for the named insured while operating a vehicle
provided by his employer for his regular use where the policy pro-
vided operator coverage for the named insured and any family
member "for the . . . use of any auto" and owner coverage with
respect to the "covered auto" for the named insured and any per-
son using this vehicle with the named insured's permission.

**Am Jur 2d, Automobile Insurance § 244.**

**When is automobile furnished or available for regular
use within "drive other car" coverage of automobile liabil-
ity policy. 8 ALR4th 387.**

Judge COZORT dissenting.

Appeal by defendant from order entered 7 March 1996 by Judge
W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court
of Appeals 25 February 1997.

On 7 February 1992, plaintiff Grover A. Hester was injured in an
automobile collision with defendant Robert S. Lowery. At the time of
the accident, defendant Lowery operated a 1989 Ford Taurus pro-
vided to him by his employer, Key Automobile Associates ("Key"), for
his regular use and enjoyment. Key retained ownership of the auto-
mobile, but placed no relevant restrictions on defendant Lowery's use
of the automobile.

As of 7 February 1992, defendant Lowery held in effect a policy of
liability insurance with defendant Allstate Insurance Company
("Allstate") providing coverage in the amount of $100,000.00 per per-
son and $300,000.00 per accident, and listing as the covered auto a

1991 Honda automobile owned by defendant Lowery and his wife. The Taurus was not listed as a covered auto under defendant Lowery's primary insurance policy with Allstate. Plaintiff maintained uninsured motorist coverage pursuant to a policy with North Carolina Farm Bureau.

Collateral to the negligence action arising out of plaintiff's collision with defendant Lowery, defendant Allstate disputed that its policy held by defendant Lowery provided coverage here. On 10 March 1994, plaintiff Hester filed this declaratory judgment action to determine the issue of coverage. Defendant Allstate then moved for summary judgment on 16 February 1996 asserting that there were no genuine issues of material fact and that the policy did not provide coverage as a matter of law. On 7 March 1996, Judge W. Russell Duke, Jr., denied defendant Allstate's motion and instead entered summary judgment for plaintiff as to coverage.

Defendant Allstate appeals.

*Hardee & Hardee, by G. Wayne Hardee and Charles R. Hardee, for plaintiff-appellee.*

*Ward & Smith, P.A., by Donald S. Higley, II, and Ryal W. Tayloe, for defendant-appellant Allstate Insurance Company.*

*Speight, Watson & Brewer, by J. Warner Wells, II, and William C. Brewer, Jr., for defendant-appellee North Carolina Farm Bureau Mutual Insurance Company.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Elizabeth A. Heath, for defendant-appellee Robert S. Lowery.*

EAGLES, Judge.

We first consider whether the trial court erred in concluding that Allstate's insurance policy provided liability insurance coverage for defendant Robert S. Lowery. We hold that the trial court correctly determined that Allstate's policy provides coverage here.

When reviewing an insurance contract, we examine the contract as a whole and effectuate the intent of the parties. *Blake v. St. Paul Fire & Marine Ins. Co.*, 38 N.C. App. 555, 557, 248 S.E.2d 388, 390 (1978). The meaning of any language used in an insurance policy is a question of law. *E.g., Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970).

Provisions "which extend coverage must be construed liberally so as to provide coverage," *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986), while provisions which exclude coverage "are to be construed strictly so as to provide the coverage," *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 355, 172 S.E.2d 518, 523 (1970). Any ambiguities in the contract of insurance are resolved in favor of the insured. *Duke v. Mutual Life Ins. Co.*, 286 N.C. 244, 247, 210 S.E.2d 187, 189 (1974).

*N.C. Farm Bureau Mutual Ins. Co. v. Walton*, 107 N.C. App. 207, 209, 418 S.E.2d 837, 839 (1992).

Individual automobile insurance policies are generally classified as either owner's policies, operator's policies or some combination of the two.

The difference between an owner's policy and an operator's policy is this: An owner's policy protects the owner as the named insured; it also protects any other person using the insured vehicle with the owner's permission, G.S. 20-279.21(b)(2). It does not protect against liability resulting from the use of a motor vehicle not described in the policy. An operator's policy, on the other hand, protects the named insured against liability arising from the use of any motor vehicle.

*Lofquist v. Allstate Ins. Co.*, 263 N.C. 615, 618, 140 S.E.2d 12, 14 (1965). Defendant Lowery's policy with Allstate here bears some attributes of each of the above types of coverage.

The pertinent coverage provisions of defendant Allstate's policy provide as follows:

We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. . . . We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

"Insured" as used in this part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto.

3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this part.

4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts of omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer.

The term "your covered auto" is defined in the policy to mean:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

   a.   A private passenger auto or station wagon type; or

   b.   A pickup truck or van that:

        (1)  Has a gross vehicle weight as specified by the manufacturer of less that 10,000 pounds; and

        (2)  Is not used for the delivery or transportation of goods and materials unless such use is:

             (a)  Incidental to your business of installing, maintaining, or repairing furnishings or equipment; or

             (b)  For farming or ranching.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

In reading this policy language we recognize that, where a policy defines a term, the definition must be used and given effect. *N.C. Ins. Guaranty Assn. v. Century Indem. Co.*, 115 N.C. App. 175, 186, 444 S.E.2d 464, 471, *disc. review denied*, 337 N.C. 696, 448 S.E.2d 532 (1994). We attempt to harmoniously construe the various terms of the policy, and if possible, give effect to every word and every provision of the policy. *Id.* "If, however, the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder." *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978).

**HESTER v. ALLSTATE INS. CO.**

[126 N.C. App. 173 (1997)]

The policy here is clear and unambiguous in that it provides operator coverage for defendant Lowery "or any family member for the ownership, maintenance or use of *any* auto or trailer." The "for the . . . use of *any* auto" language contained in the first definition of "Insured" here is very important to our analysis because it unequivocally informs the insured that he and his immediate family members are insured while operating *any* other auto without regard to whether or not the auto being used is one specifically identified as covered in this policy.

It is equally clear under the second definition of "Insured" that this policy provides owner's coverage with respect to the "covered auto." As an owner's policy in this respect, the policy would protect not only the owner as the named insured, but also any other person using the covered auto with the owner's permission. The coverage terms of this policy clearly do not extend owner's coverage to any vehicle not specifically identified as a "covered auto."

It is here that defendant Allstate directs us to Exclusion B.1, which defendant Allstate contends is dispositive in this case. The coverage exclusion in question here provides in pertinent part:

B. We do not provide liability coverage for the ownership, maintenance or use of:

1. Any vehicle, other than your covered auto, which is:

   a. Owned by you; or

   b. Furnished for your regular use.

Reading the policy as a whole and attempting to give full effect to the definition of "Insured" as previously set out, we conclude that this exclusion here is ambiguous. *N.C. Ins. Guaranty Assn.*, 115 N.C. App. at 186, 444 S.E.2d at 471. Defendant Lowery could reasonably believe that the policy here provided operator's coverage for his use of "any auto" while excluding owner's coverage for any vehicle described in exclusion B.1. Accordingly, we conclude that exclusion B.1 is ambiguous in this context and must be construed against the insurer and in favor of coverage.

This Court's recent decision in *Owens v. Chance*, 123 N.C. App. 523, 473 S.E.2d 34 (1996), is inapplicable here as the *Owens* court gave no indication that the policy there contained a similar definition of "Insured" providing both owner's and operator's coverage. We also

conclude that this Court's decision in *N.C. Farm Bureau Mut. Ins. Co. v. Welch*, 118 N.C. App. 554, 455 S.E.2d 906 (1995), is distinguishable as well. In *Welch*, this Court examined, *inter alia*, an exclusion identical to the one before us here, but in a different context. *Id.* at 557-58, 455 S.E.2d at 908-09. The insured in *Welch* argued that the definition of "covered auto" extended coverage to his claim, which coverage was not defeated by the exclusion. *Id.* This Court disagreed determining that Welch's vehicle was not a "covered auto" under the policy. The *Welch* court was not faced with a situation where, as here, the policy provides the insured with broad operator's coverage for the use "of any auto" in addition to broad owner's coverage for those vehicles identified in the definition of "covered auto" and not specifically excluded from coverage.

The order of the trial court granting summary judgment for the plaintiff on the issue of coverage is affirmed.

Affirmed.

Judge JOHN concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

The issue in the present case was addressed by this Court in *N.C. Farm Bureau Mut. Ins. Co. v. Welch*, 118 N.C. App. 554, 556-57, 455 S.E.2d 906, 908 (1995). I am unable to distinguish the facts of this case from the facts of *Welch*, and I find *Welch* to be controlling. Defendant Lowery did not own the Ford Taurus, and it was not listed in the Declarations of the Allstate insurance policy. Therefore, the Ford Taurus is not a "covered auto" and Allstate's policy does not provide liability coverage for defendant Lowery. For these reasons I vote to reverse the order of the trial court and remand the case for entry of judgment in favor of defendant Allstate.