YELVERTON, Judge.
The sole issue is an insurance coverage question. State Farm Mutual Automobile Insurance Company provided liability coverage to Marianne Paschal on her Mercury. Did this coverage protect her while she was driving her husband’s Pontiac?
All relevant facts were stipulated and the policies were introduced into evidence. The trial court concluded that State Farm did not provide coverage under the circumstances presented. Plaintiff appealed. We affirm.
The question arose out of a lawsuit resulting from an automobile accident. A Ms. Bodin sued for personal injuries based on the negligence of Marianne Paschal.
Before her marriage to Patrick Paschal, Marianne owned a Mercury insured by *345 State Farm. Patrick owned a Pontiac insured by Lumbermen’s Mutual Casualty Company. The Paschals were married on June 3, 1978. On July 7, 1978 State Farm issued a renewal policy to Ms. Paschal. Ms. Paschal was in an accident on October 11, 1978. On that date both the Lumbermen’s policy listing her husband’s Pontiac and the State Farm policy listing her Mercury were in effect. A day or two before the accident the Paschals switched cars. This was done because her car had been stalling occasionally and Mr. Paschal, a mechanic, thought it better that he drive it. The result was Ms. Paschal was driving her husband’s Pontiac on the day of the accident.
Ms. Bodin sued both State Farm and Lumbermen’s (the Paschal insurers), as well as Government Employees Insurance Company, Ms. Bodin’s uninsured motorist carrier. She also named the two Paschals as defendants. Thereafter, the Paschals, Lumbermens, and Government Employees filed third party demands against State Farm for contribution.
The main demand and the third party demand against State Farm were dismissed when the trial court found that the State Farm policy did not provide coverage to Marianne Paschal while she was operating her husband’s car.
The policy issued by State Farm contained the following pertinent provisions:
COVERAGE A — Bodily Injury Liability; COVERAGE B — Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called “bodily injury,” sustained by any person;
B. injury to or destruction of property, including loss of use thereof, hereinafter called “property damage”;
arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile.

Definitions. Under Part 1:
“named insured” means the individual named in the declarations and also includes his spouse, if a resident of the same household:
“insured” means a person or organization described under “Persons Insured”; “relative” means a relative of the named insured who is a resident of the same household;
“owned automobile” means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.
(b) a trailer owned by the named insured.
(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
(1) it replaces an owned automobile as defined in (a) above, or
(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or
(d) a temporary substitute automobile; “temporary substitute automobile” means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
“non-owned automobile” means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;
The appellant argues that the policy contains a serious ambiguity in that the husband’s-vehicle should be either an “owned” or “non-owned” vehicle under its terms. Appellant argues that it is incongruous to *346 find that the vehicle can be neither “owned” nor “non-owned”. We must disagree.
In Fontenot v. Guillory, 327 So.2d 578 (La.App. 3rd Cir.1976), writ denied 330 So.2d 314 (La.1976), this court was confronted with a similar situation. In that case State Farm had issued two liability-policies to the defendants, one covering a 1964 Chevrolet automobile and the other covering a 1970 Chevrolet pickup. The policies contained similar definitions of an “owned” and “non-owned” automobile. The 1964 Chevrolet automobile was involved in an accident with the plaintiff’s vehicle and the plaintiff argued coverage under both policies. Finding that the 1964 Chevrolet was neither an “owned” nor a “non-owned” vehicle under the terms of the policy covering the pickup, this court stated:
The declaration sheet on this policy provides for liability coverage arising out of the use of the 1970 Chevrolet pickup truck. It does not name as an insured automobile the 1964 Chevrolet automobile involved in the accident, so that vehicle is not an “owned automobile” under the terms of the policy for purposes of liability coverage. Nor is the 1964 Chevrolet a “non-owned automobile” under the terms of the policy covering liability arising out of the use of the pickup truck. The 1964 Chevrolet was owned by Guillory, so that it did not qualify as a “non-owned automobile” under the pickup truck policy. Since State Farm’s liability arises only out of the ownership, maintenance or use of either an “owned” or “non-owned automobile,” as defined in the policy, no liability coverage is provided under the policy covering the pickup truck for an accident involving the use of the 1964 Chevrolet.. ..
In the present case the declaration sheet on State Farm’s policy provides for liability coverage arising out of the use of the Mercury. It does not name as an insured automobile the Pontiac involved in the accident, therefore under section “(a)” of “owned automobile” the Pontiac is not an owned automobile under the terms of the policy. Under section “(b)” the Pontiac could not be classified as a trailer. The Pontiac also does not qualify under section “(c)(1)” since it did not replace the Mercury or under “(c)(2)” since there is no evidence that the named insured notified State Farm within 30 days after the date of acquisition or during the initial policy period. Nor could the Pontiac be considered a “temporary substitute automobile” or a “non-owned automobile” under the terms of the policy covering liability arising out of the use of the Mercury, since the Pontiac was owned by a named insured under the terms of the policy.[1] For these reasons we find that the district court correctly determined that the policy issued by State Farm did not provide coverage for Ms. Paschal while driving the vehicle owned by her husband.
Therefore, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. Under the terms of the policy the spouse is considered a named insured if he is a resident of the household. Mr. Paschal was married to Marianne at the time of the accident and a resident of the same household, therefore he is a named insured under the policy and he was the owner of the Pontiac.