498 So.2d 1108 (1986)
Carolyn P. HILLMAN, Plaintiff-Appellant,
v.
Virginia P. GRACE, et al., Defendants-Appellees.
No. 86-25.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Chris Smith, III, Leesville, for plaintiff-appellant.
David A. Hughes of Gist, Methvin, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
Carolyn P. Hillman sued Virginia P. Grace in tort for damages allegedly suffered as the result of an automobile accident on May 23, 1984, between her 1980 Ford pickup truck which she was driving, and a 1976 Oldsmobile which was being operated by defendant, Virginia P. Grace. Also named as defendant in the suit was Maryland Casualty Company as the alleged liability insurer of the 1976 Oldsmobile.
Alleging that its liability policy did not provide coverage on the Grace 1976 Oldsmobile, Maryland Casualty Company filed a motion for summary judgment which was granted by the district court, resulting in the dismissal of plaintiff's demands against it.
Plaintiff Hillman has appealed that judgment and the sole issue presented for review is whether a personal automobile liability insurance policy which Maryland Casualty Company issued to Virginia P. Grace provides Grace coverage while she was driving the 1976 Oldsmobile.
The 1976 Oldsmobile which Grace was driving at the time of the accident had been purchased by Grace's husband, Herbert E. Campbell, during their marriage. The certificate of registration for the 1976 Oldsmobile listed only Herbert E. Campbell as owner.
Some four years after Herbert E. Campbell purchased the 1976 Oldsmobile involved in this accident, his wife, the defendant Grace, purchased an automobile liability *1109 insurance policy from Maryland Casualty Company which specifically listed a 1978 Lincoln and a 1981 Buick Regal in the policy declarations. The 1976 Oldsmobile involved in this accident was not listed as an insured vehicle on the Maryland Casualty Company policy.
La.C.C.P. Art. 966 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." The facts relevant to the issue on appeal are not disputed. Therefore, Maryland Casualty is entitled to summary judgment if, as a matter of law, the policy issued to Virginia Grace does not provide coverage under these circumstances.[1]
The Maryland Casualty policy contains the following pertinent provisions:
"DEFINITIONS
Throughout this policy, `you' and `your' refer to:
1. The `named insured' shown in the Declarations; and
2. The spouse if a resident of the same household.
`We', `us' and `our' refer to the Company providing this insurance.
. . . . .
Other words and phrases are defined. They are boldfaced when used. `Family member' means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
. . . . .
`Your covered auto' means:
1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles on the date you become the owner:
a. a private passenger auto; or
b. a pickup, panel truck or van.
This provision applies only if:
a. you acquire the vehicle during the policy period;
b. you ask us to insure it within 30 days after you become the owner; and
c. with respect to a pickup, panel truck or van, no other insurance policy provides coverage for that vehicle.
If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if:
a. you wish to add or continue Coverage for Damage to Your Auto; or
b. it is a pickup, panel truck or van used in any business or occupation, other than farming or ranching.
If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.
* * * * * *
`Covered person' as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer;
* * * * * *
EXCLUSIONS
B. We do not provide Liability Coverage for the ownership, maintenance or use of:
1. Any motorized vehicle having less than four wheels.
2. Any vehicle, other than your covered auto, which is:
a. owned by you; or
b. furnished or available for your regular use.

*1110 3. Any vehicle, other than your covered auto, which is:
a. owned by any family member; or
b. furnished or available for the regular use of any family member.
However, this exclusion does not apply to your maintenance or use of any vehicle which is:
a. owned by a family member; or
b. furnished or available for the regular use of a family member."
Carolyn Hillman does not contend that the 1976 Oldsmobile is "a covered auto," since it is not listed in the declarations and since it was acquired before Virginia Grace entered into the insuring agreement with Maryland Casualty.
Carolyn Hillman does contend, however, that the policy contains an ambiguity which should be construed in her favor to provide coverage. She argues that Herbert Campbell is a "family member" under the policy and that paragraph B(3) excluding liability coverage for the ownership, maintenance or use of any vehicle owned by a "family member" is made ambiguous by the provision in paragraph B(3) stating that this exclusion does not apply to the maintenance or use of any vehicle which is owned by a "family member". We disagree.
First of all, Herbert Campbell is not a "family member" under the policy's definition of that term. The policy defines "you" and "your" as including the named insured shown in the declarations and the spouse, if a resident of the same household. Since Mr. Campbell was married to and residing with Virginia Grace at the time of the accident, he is included under the definition of "you" and "your." A "family member" is defined under the policy as the person related to "you" by blood, marriage, or adoption who is a resident of the same household. The term "family member" then, is defined with reference to the defined term "you", which includes both Virginia Grace and Herbert Campbell. Reading these two defined terms together, it is apparent that persons who fall within the definition of "you" are not included among the persons who fall within the definition of "family member". Therefore, Herbert Campbell is not a "family member" under this policy.
Since Mr. Campbell is not a "family member" under the policy, the exclusion of liability coverage relating to vehicles owned by "family members" is not relevant. The pertinent provision is that contained in paragraph B(2) which excludes liability coverage for the ownership, maintenance, or use of any vehicle, other than "your covered auto," which is owned by "you". Since Mr. Campbell is included within the definition of "you," the 1976 Oldsmobile purchased by Mr. Campbell and registered in his name, is a vehicle owned by "you," and falls within this provision excluding coverage for such vehicles.
We conclude that the terms of this policy specifically exclude liability coverage under the facts of this case. There being no genuine issues of material fact, the trial court correctly concluded that, as a matter of law, Maryland Casualty is entitled to a judgment dismissing it from this lawsuit.
Accordingly, the district court's judgment is affirmed. All costs are assessed to plaintiff.
AFFIRMED.
NOTES
[1] Factual situations similar to those in this case have arisen in the cases of Bodin v. Paschal, 425 So.2d 344 (La.App. 3rd Cir.1982), and Taylor v. Aetna Casualty & Surety Co., 185 So.2d 41 (La. App. 4th Cir.1966). In those cases the courts examined language in what is called a Family Automobile Liability Policy. The policy in this case is what is called a Personal Auto Policy. For a general comparison of these two policies see 15 McKenzie & Johnson, Louisiana Civil Law TreatiseInsurance, §§ 41 et seq. (1986).