**SUNSHINE INSURANCE COMPANY,**
**Plaintiff and Appellee,**

v.

**James SPRUNG and Martin Lambert, Jr., Defendants,**

**and**

**Estate of Audrey Sprung, Deceased, Defendant and Appellant.**

No. 16674.

Supreme Court of South Dakota.

*Considered on Briefs Jan. 11, 1990.*

*Decided March 7, 1990.*

John Feehan of Bettmann & Feehan, P.C., Rapid City, for plaintiff and appellee.

Scott Sumner and Wayne F. Gilbert of Banks, Johnson, Johnson, Colbath & Huffman, P.C., Rapid City, for defendant and appellant.

PER CURIAM.

## ACTION

This is an appeal from a declaratory judgment that no coverage exists for James Sprung (James) under his own automobile insurance policy for liability incurred while using his wife's automobile. We affirm.

## FACTS

James and Audrey Sprung (Audrey) were married on June 6, 1986. Prior to their marriage, James and Audrey each owned their own automobile. Audrey insured her vehicle with State Farm Insurance Company while James insured his vehicle with Sunshine Insurance Company (Sunshine). After their marriage, James added Audrey's name to his insurance policy. James also instructed Audrey to add his name to her State Farm insurance policy. For an unknown reason, Audrey failed to comply with this request.

---

* The trial court also found no coverage for James under the underinsured and uninsured motorist provisions of the Sunshine policy. The estate raises no challenge to this holding on appeal

On September 7, 1986, Audrey was killed when her vehicle collided with a car driven by Martin Lambert, Jr. At the time of the accident, James was driving Audrey's car and Audrey was riding as a passenger.

To prevent a potential lawsuit by Audrey's estate, Sunshine brought the present declaratory judgment action seeking a trial court determination that its insurance policy provides no liability coverage for James in connection with Audrey's death. Based upon the policy exclusions, the trial court granted Sunshine summary judgment.* Audrey's estate appeals.

## ISSUE

WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR SUNSHINE?

## DECISION

At the outset it is necessary to set forth the provisions and exclusions of the Sunshine policy at issue in this appeal:

PART A—LIABILITY COVERAGE
INSURING AGREEMENT

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident....
> *"Covered person"* as used in this Part means:
> 1. You or any *family member* for the ownership, maintenance or use of any auto or *trailer*.
> \*    \*    \*    \*    \*    \*

EXCLUSIONS

> \*    \*    \*    \*    \*    \*

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
> 1. Any motorized vehicle having less than four wheels.
> 2. Any vehicle, other than *your covered auto,* which is:
> a. owned by you; or

and cites no authority in support of its reversal. Accordingly, we deem any argument in this regard waived. *Nielsen v. McCabe,* 442 N.W.2d 477 (S.D.1989).

b. furnished or available for your regular use.

3. Any vehicle, other than *your covered auto*, which is:

a. owned by any *family member;* or

b. furnished or available for the regular use of any *family member.* However, this exclusion does not apply to your maintenance or use of any vehicle which is:

a. owned by a *family member;* or

b. furnished or available for the regular use of a *family member.*

The trial court applied Exclusion B/2, quoted above, in finding no liability coverage for James in this instance. This was based upon its conclusion that at the time of the accident, James was using a vehicle other than his covered auto which was available for his regular use. The trial court declined to apply the exception clause in the last sentence of Exclusion B so as to yield coverage reasoning that the clause applies only to Exclusion B/3 and not Exclusions B/1 or B/2.

On appeal, the estate argues that the policy is ambiguous as to whether the exception clause applies only to Exclusion B/3. Because of this alleged ambiguity, the estate contends that a finding of coverage is mandated based upon the rule that any ambiguity found in an insurance policy must be resolved in a manner most favorable to the insured. *McGriff v. U.S. Fire Ins. Co.*, 436 N.W.2d 859 (S.D.1989); *Rapid City Reg. Hosp. v. S.D. Ins. Guar.*, 436 N.W.2d 565 (S.D.1989).

Because this is an appeal of a summary judgment, we begin with the well settled rule that a summary judgment will be affirmed if there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon*, 407 N.W.2d 801 (S.D.1987). There are no substantial factual disputes in this matter. The estate's sole argument relates to the purported ambiguity in the scope of application of the exception clause. Whether the policy is ambiguous in this respect is a question of law. *See McGriff, supra; Rapid City Reg. Hosp., supra. See also*

*Butterfield v. Citibank of South Dakota*, 437 N.W.2d 857 (S.D.1989) (whether ambiguity exists in a contract is a question of law for the court).

An insurance policy is ambiguous when it, "is fairly susceptible to two constructions...." *McGriff*, 436 N.W.2d at 862. The estate argues that the Sunshine policy is susceptible to more than one construction because the alignment of the exception clause in the text of the policy makes it unclear whether the clause applies only to Exclusion B/3 or to all three of the exclusions. However, ambiguity in an insurance policy is determined with reference to the policy as a whole and the plain meaning and effect of the words in the policy. *McGriff, supra; Rapid City Reg. Hosp., supra.* Viewing this policy as a whole and giving the policy language its plain meaning and effect according to terms defined within the policy, we find it clear that the exception clause is inapplicable under the facts of this case.

Initially, it is significant that the words "you" and "your" are defined in the policy to refer to both, "1. The 'named insured' shown in the Declarations; *and* 2. *The spouse* if a resident of the same household." (emphasis added). Thus, whenever the words "you" and "your" are used in the policy, *both* James and Audrey are included. Applying this definition to Exclusion B/2 reveals that no liability coverage is extended for use of any vehicle, other than the covered auto, owned by James *or Audrey* or furnished or available for *their* regular use. In this instance, James was using a vehicle other than his covered auto which was owned by Audrey. Thus, Exclusion B/2 is applicable and denies liability coverage in this case.

The exception clause invoked by the estate applies only to James' or Audrey's use of a vehicle owned by a "family member" or furnished or available for the regular use of a "family member." This raises the question of whether James' use of Audrey's vehicle was use of a vehicle owned by a "family member." The policy defines "family member" as, "a person related to *you* by blood, marriage or adoption who is

a resident of *your* household." (emphasis added). "Family member," therefore, is defined with reference to the previously defined term "you," which includes *both* James and Audrey. As observed by the Louisiana Court of Appeals in construing identical policy language, "[r]eading these two defined terms together, it is apparent that persons who fall within the definition of 'you' are not included among the persons who fall within the definition of 'family member'." *Hillman v. Grace*, 498 So.2d 1108, 1110 (La.App. 3 Cir.1986). Therefore, Audrey was not a "family member" under this policy.

Since James was using Audrey's vehicle at the time of the accident, he was using a vehicle that was neither owned by a "family member" nor furnished or available for the regular use of a "family member." Thus, under the plain language in the policy, the exception clause of Exclusion B is inapplicable and cannot yield coverage for James in this instance. There was no error by the trial court in granting Sunshine summary judgment.

Affirmed.