Q. MELISSA OWENS, Plaintiff v. JOSEPH THOMAS CHANCE and ALLSTATE INSURANCE COMPANY, Defendants

No. COA95-346

(Filed 6 August 1996)

### Insurance § 425 (NCI4th)— wife's insurance policy—husband's vehicle not listed in policy—no coverage

An automobile insurance policy issued to defendant's wife did not provide liability coverage for defendant husband while he was driving a truck owned by him but not listed in the declarations portion of the policy.

**Am Jur 2d, Automobile Insurance §§ 172, 225 et seq.**

Appeal by plaintiff from order entered 26 January 1995 by Judge Clifton W. Everett, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 26 March 1996.

*Hardee & Hardee, by G. Wayne Hardee and Charles R. Hardee, for plaintiff-appellant.*

*Ward & Smith, P.A., by Joseph A. Hayes, III and John M. Martin, for defendant-appellee.*

LEWIS, Judge.

The issue presented for our review is whether an Allstate policy issued to Margaret Barnhill Chance (hereinafter "Margaret Chance") provided liability coverage for her husband, while he was driving a truck owned by him but not listed in the Declarations portion of the policy.

Plaintiff Q. Melissa Owens and defendant Joseph Thomas Chance (hereinafter "Joseph Chance") were involved in an automobile accident from which plaintiff suffered bodily injury. The defendant's vehicle, a 1990 Chevrolet truck, was insured by State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") with a liability limit of $50,000 per person. Defendant's wife, Margaret Chance, was insured by an Allstate Insurance Company automobile insurance policy with a bodily injury liability limit of $100,000 per person. The Allstate policy listed as covered a 1990 Chrysler and a 1987 Honda.

The 1990 Chevrolet truck involved in the accident was not listed as a covered vehicle on the Allstate policy. The policy states that " '[your] covered auto' means any vehicle shown in the Declarations." We conclude that the 1990 Chevrolet is not a "covered auto" under the Allstate policy.

Plaintiff contends that Joseph Chance is a covered person and that the policy does not otherwise exclude coverage for his ownership, maintenance or use of the 1990 Chevrolet truck. The Allstate policy language at issue provides as follows:

B.  We do *not* provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle, other than *your covered auto*, which is:

a. owned by you; or

b. furnished for your regular use.

2. Any vehicle, other than *your covered auto*, which is:

   a. owned by *any family member*; or

   b. furnished for the regular use of any *family* member.

   However, this exclusion (B.2) does not apply to your maintenance or use of any vehicle which is:

   a. owned by a *family member*; or

   b. furnished for the regular use of a *family member*.

(Emphasis added).

The definitions section of the Allstate policy states that throughout the policy, "you" and "your" refer to: 1) the "named insured" shown in the Declarations and 2) the spouse if a resident of the same household. The policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household, this includes a ward or foster child." Plaintiff urges us to construe these policy exclusions and exception so that Joseph Chance is both a "family member" and "you" and "your" on any given reading of these provisions.

While we agree that Joseph Chance can qualify as a "family member" when his wife's name is substituted for "you" and "your", he cannot also be a "family member" when his name is substituted for "you" and "your." The terms "you", "your" and "family member" must be applied consistently and exclusive of each other on any given reading of these provisions. The term "family member" refers to a third party, as it relates to "you" or "your".

When the definitions in the Allstate policy are applied to the facts of this case, the exclusions and exception at issue can be read in one of two ways. If Margaret Chance is substituted for "you" and "your" and Joseph Chance is substituted for "family member", these provisions read as follows:

B. We do *not* provide Liability Coverage for the ownership, maintenance or use of:

   1. Any vehicle, other than *your* (Margaret Chance) *covered auto*, which is:

      a. owned by you (Margaret Chance) or

      b. furnished for your (Margaret Chance) regular use.

2. Any vehicle, other than *your* (Margaret Chance) *covered auto*, which is:

   a. owned by *any family member* (Joseph Chance); or

   b. furnished for the regular use of any *family member* (Joseph Chance).

   However, this exclusion (B.2) does not apply to your (Margaret Chance) maintenance or use of any vehicle which is:

   a. owned by a *family member* (Joseph Chance); or

   b. furnished for the regular use of a *family member* (Joseph Chance).

(Emphasis added).

Alternatively, if Joseph Chance is substituted for "you" and "your" and Margaret Chance is substituted for "family member", these provisions read as follows:

B. We do *not* provide Liability Coverage for the ownership, maintenance or use of:

   1. Any vehicle, other than *your* (Joseph Chance) *covered auto*, which is:

      a. owned by you (Joseph Chance) or

      b. furnished for your (Joseph Chance) regular use.

   2. Any vehicle, other than *your* (Joseph Chance) *covered auto*, which is:

      a. owned by *any family member* (Margaret Chance); or

      b. furnished for the regular use of any *family member* (Margaret Chance).

   However, this exclusion (B.2) does not apply to your (Joseph Chance) maintenance or use of any vehicle which is:

      a. owned by a *family member* (Margaret Chance) or

      b. furnished for the regular use of a *family member* (Margaret Chance).

(Emphasis added).

GUILFORD COUNTY EX REL. GARDNER v. DAVIS

[123 N.C. App. 527 (1996)]

Under both readings, coverage is excluded in regard to Joseph Chance's ownership, maintenance, or use of the 1990 Chevrolet truck, a vehicle owned by him and not a covered auto under the policy. Under neither scenario would Joseph Chance be subject to the B.2 exception.

We dealt with similar facts and nearly identical policy provisions in *North Carolina Farm Bureau Mutual Insurance Co. v. Walton*, 107 N.C. App. 207, 418 S.E.2d 837 (1992) and *Kruger v. State Farm Mutual Auto Insurance Association*, 102 N.C. App. 788, 403 S.E.2d 571 (1991). We find that the decisions in *Walton* and *Kruger* are applicable to the case at bar. In accordance with these cases, coverage is excluded under the policy.

For the reasons stated, summary judgment in favor of defendant Allstate Insurance Company is affirmed.

Affirmed.

Judges EAGLES and McGEE concur.