Kimberly BARCLAY and Andrew H. Newton, Appellants–Defendants,

v.

STATE AUTO INSURANCE COMPANIES, f/k/a Meridian Mutual Insurance Company, Appellee–Plaintiff.

No. 54A04–0404–CV–190.

Court of Appeals of Indiana.

Oct. 29, 2004.

J. Lamont Harris, Amy S. Carlson, Henthorn Harris & Weliever Crawfordsville, IN, Michael J. Stapleton, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg, McBride, Walkey & Stapleton, P.C. Lafayette, IN, Attorneys for Appellants.

Donna H. Fisher, Robert T. Coyle, Smith Fisher Maas & Howard, P.C. Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Kimberly Barclay ("Kimberly") and Andrew Newton appeal the trial court's grant of summary judgment to State Auto Insurance Companies, f/k/a Meridian Mutual Insurance Company ("State Auto"). Kimberly and Newton raise one issue, which we restate as whether the trial court erred by finding that Kimberly's insurance policy with State Auto did not provide coverage for her collision with Newton because Kimberly was driving her husband's vehicle at the time of the collision.[1] We reverse and remand.

The relevant facts designated by the parties follow. Kimberly married Kenneth Barclay ("Kenneth") on June 22, 2002, and thereafter they lived in the same household. At the time of their marriage, Kimberly had an auto insurance policy on her 1990 Pontiac with State Auto ("Policy"), and Kimberly was the only named insured on the Policy. Kenneth owned a 2000 GMC Sonoma truck insured under a policy with Illinois Farmers Insurance Company ("Illinois Farmers Policy"). Kenneth regularly used the truck, and Kimberly used the truck infrequently and "[o]nly when [she] asked him." Appellants' Appendix at 104. On June 29, 2002, Kimberly obtained Kenneth's permission to use his truck and was involved in a collision with Newton while she operated the truck. Kimberly made a claim for coverage under the Illinois Farmers Policy for primary coverage and her Policy for secondary coverage.

Newton filed a complaint against Kimberly for negligence, and State Auto filed a complaint against Kimberly and Newton for declaratory judgment, alleging that the Policy did not provide coverage for Kimberly's collision with Newton. State Auto filed a motion for summary judgment, arguing that the Policy did not provide coverage. The trial court agreed and granted State Auto's motion for summary judgment.

The sole issue is whether the trial court erred by finding that Kimberly's insurance policy with State Auto did not provide coverage for her collision with Newton because Kimberly was driving her husband's vehicle at the time of the collision. Our standard of review for the grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). We construe all facts and reasonable inferences drawn from those facts in favor of the nonmoving party. *Id.* Review of a summary judgment motion is limited

---

1. We direct Kimberly and Newton's attention to Ind.App. Rule 46(A)(10) which requires an appellants' brief to "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

to those materials designated to the trial court. *Id.* We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court. *Id.* at 974.

■■■ This case requires us to interpret the Policy. Insurance policies are governed by the same rules of construction as other contracts. *Bosecker v. Westfield Ins. Co.,* 724 N.E.2d 241, 243 (Ind.2000). "When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract." *Burkett v. Am. Family Ins. Group,* 737 N.E.2d 447, 452 (Ind.Ct. App.2000). We construe the insurance policy as a whole and consider all of the provisions of the contract and not just individual words, phrases, or paragraphs. *Id.* If the language is clear and unambiguous, we give the language its plain and ordinary meaning. *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Bosecker,* 724 N.E.2d at 244. However, "[a]n ambiguity does not exist merely because the parties proffer differing interpretations of the policy language." *Burkett,* 737 N.E.2d at 452. Where there is an ambiguity, we strictly construe the insurance policy against the insurer and view the policy language from the standpoint of the insured to "further the general purpose of the insurance contract to provide coverage." *Bosecker,* 724 N.E.2d at 244. The proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for summary judgment. *Id.* at 243.

The Policy provides liability coverage as follows:

We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident.

\* \* \* \* \* \*

"Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

2. Any person using "your covered auto."

\* \* \* \* \* \*

Appellants' Appendix at 31–32. The Policy also includes the following definitions:

A. Throughout this policy, "you" and "your" refer to:

   1. The "named insured" shown in the Declarations; and

   2. The spouse if a resident of the same household.

\* \* \* \* \* \*

F. "Family member" means a person related to you by blood; marriage or adoption who is a resident of your household. This includes a ward or foster child.

G. "Occupying" means in, upon, getting in, on, out or off.

\* \* \* \* \* \*

J. "Your covered auto" means:

   1. Any vehicle shown in the Declarations.

   2. Any of the following types of vehicles on the date you become the owner:

a. A private passenger auto; or

b. A pickup or van that:

   (1) Has a Gross Vehicle Weight of less than 10,000 lbs.; and

   (2) Is not used for the delivery or transportation of goods and materials unless such use is:

(a) Incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or

(b) For farming or ranching.

This provision (**J.2**) applies only if:

a. You acquire the vehicle during the policy period;

b. You ask us to insure it within 30 days after you become the owner; and

c. With respect to a pickup or van, no other insurance policy provides coverage for that vehicle.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto. If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

3. Any "trailer" you own.

4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

a. Breakdown;

b. Repair;

c. Servicing;

d. Loss; or

e. Destruction.

This provision (**J.4**) does not apply to Coverage for Damage to Your Auto.

*Id.* at 31. The Policy contains the following exclusions:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

\*      \*      \*      \*      \*      \*

2. Any vehicle, other than "your covered auto," which is:

a. Owned by you; or

b. Furnished or available for your regular use.

3. Any vehicle, other than "your covered auto," which is:

a. Owned by any "family member"; or

b. Furnished or available for the regular use of any "family member."

However, this exclusion (**B.3.**) does not apply to you while you are maintaining or "occupying" any vehicle which is:

a. Owned by a "family member"; or

b. Furnished or available for the regular use of a "family member."

*Id.* at 33 (emphasis in original).

■ The trial court found that the Policy was unambiguous and that Kimberly and Kenneth qualified as "you" and "your" but not "family member." On appeal, State Auto argues that the trial court correctly found that Kenneth qualifies as "you" or "your" but does not qualify as a "family member," and when the Policy is read in this manner, coverage for the collision is excluded under exclusion B.2. On the other hand, Kimberly and Newton argue that the trial court erred in interpreting the Policy. Kimberly and Newton argue that the Policy is ambiguous because Kenneth qualifies as "you," "your," and "family member." According to Kimberly and Newton, the Policy should be interpreted to mean that only Kimberly qualifies as "you" and "your" and Kenneth qualifies as a "family member." Under Kimberly and Newton's interpretation, because Kenneth qualifies as a "family member," the Policy provides coverage pursuant to the exception to exclusion B.3. We conclude that the Policy unambiguously provides that Kimberly and Kenneth can

qualify as "you," "your," and "family member."

■ We begin by interpreting the meaning of "you" and "your" under the Policy. As noted above, the Policy defines "you" or "your" to mean: (1) The "named insured" shown in the Declarations; *and* (2) The spouse if a resident of the same household. Thus, under the Policy, "you" and "your" refers to the named insured, Kimberly, and the spouse, Kenneth. For the purpose of interpreting the Policy and applying the definition of "you" and "your," we must determine whether "you" and "your" means "Kimberly and Kenneth" together or "Kimberly" and "Kenneth" as individuals.

If the phrase "Kimberly and Kenneth" is substituted for "you" and "your," it results in absurd interpretations of the Policy. For example, if "you" and "your" mean "Kimberly and Kenneth," under the definition of "your covered auto" in section J.2, both Kimberly and Kenneth would have to become owners of a newly acquired vehicle to have coverage under the Policy. Even State Auto argues that "you" and "your" refer to "Kimberly or Kenneth." Appellee's Brief at 15. Thus, we conclude that "you" and "your" refer to Kimberly and Kenneth individually. Further, when the term "you" refers to one of the two persons to whom it could refer, it necessarily does not refer to the other. So, where "you" refers to Kimberly, it does not refer to Kenneth.

■ The Policy then defines "family member" as "a person related to *you* by blood, marriage or adoption who is a resident of *your* household." Appellant's Appendix at 31 (emphasis added). If Kimberly or Kenneth is substituted for "you" and "your," the term "family member" means either "a person related to [Kimberly] by blood, marriage or adoption who is a resident of [Kimberly's] household" or

"a person related to [Kenneth] by blood, marriage or adoption who is a resident of [Kenneth's] household." Kenneth is a person related to Kimberly by marriage, and Kimberly is a person related to Kenneth by marriage. Thus, if Kimberly is "you" and "your," Kenneth is a "family member." Conversely, if Kenneth is "you" and "your," Kimberly is a "family member."

State Auto disagrees with our interpretation and relies, in part, upon *Sunshine Ins. Co. v. Sprung*, 452 N.W.2d 782, 784–785 (S.D.1990), where the South Dakota Supreme Court considered a similar insurance policy. There, the policy also defined "you" and "your" to include the named insured and the spouse. *Id.* at 784. The policy defined "family member" as, "a person related to you by blood, marriage or adoption who is a resident of your household." *Id.* Without engaging in an in-depth analysis of the policy's language, the court found that "family member" was defined with reference to the term "you," which included both the husband and the wife. *Id.* at 785. Relying upon *Hillman v. Grace*, 498 So.2d 1108, 1110 (La.Ct.App. 1986), the court held the policy was unambiguous and that "[r]eading these two defined terms together, it is apparent that persons who fall within the definition of 'you' are not included among the persons who fall within the definition of 'family member.'" *Id.*

■ We respectfully disagree with the South Dakota Supreme Court's interpretation of the policy in *Sunshine*. Under the *Sunshine* interpretation, persons falling within the definition of "you" would not also fall within the definition of "family member." Thus, according to State Auto, exclusion B.2 would apply to exclude coverage as follows:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

　\*　　\*　　\*　　\*　　\*　　\*

2. Any vehicle, other than "your covered auto," which is:

a. Owned by you [Kimberly or Kenneth]; or

b. Furnished or available for your [Kimberly or Kenneth's] regular use.

\* \* \* \* \* \*

Appellants' Appendix at 33. The overall purpose of the Policy is to provide coverage to those, including the insured, who use the covered auto and to the insured where she is using an auto other than the covered auto. However, the effect of State Auto's interpretation would be that Kimberly would be entitled to coverage while driving a stranger's car and while driving a family member's car, but would have no coverage while driving her husband's car.

We conclude that the analysis in *Owens v. Chance,* 123 N.C.App. 523, 473 S.E.2d 34 (1996), is more persuasive. There, the wife had a policy with Allstate that contained almost identical definitions of you, your, and family member and similar exclusions and exceptions to exclusions. *Id.* at 34. The husband was involved in an accident while driving his own automobile, which was insured under a different policy. *Id.* The husband argued that the wife's policy also provided coverage for the damages. The court held:

> While we agree that [the husband] can qualify as a "family member" when his wife's name is substituted for "you" and "your", he cannot also be a "family member" when his name is substituted for "you" and "your." The terms "you", "your" and "family member" must be applied consistently and exclusive of each other on any given reading of these provisions. The term "family member"

refers to a third party, as it relates to "you" or "your".

*Id.* at 35. Thus, the court analyzed interpretations of the policy by: (1) substituting the wife for "you" and "your" and the husband for "family member"; and (2) substituting the husband for "you" and "your" and the wife for "family member." *Id.*

By substituting Kimberly for "you," "your," and Kenneth for "family member,"[2] the following exclusion results:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> \* \* \* \* \* \*
>
> 2. Any vehicle, other than "your covered auto," which is:
>
> a. Owned by you [Kimberly]; or
>
> b. Furnished or available for your [Kimberly's] regular use.
>
> 3. Any vehicle, other than "your covered auto," which is:
>
> a. Owned by any "family member" [Kenneth]; or
>
> b. Furnished or available for the regular use of any "family member." [Kenneth]
>
> However, this exclusion (**B.3.**) does not apply to you [Kimberly] while you [Kimberly] are maintaining or "occupying" any vehicle which is:
>
> a. Owned by a "family member" [Kenneth]; or
>
> b. Furnished or available for the regular use of a "family member." [Kenneth]
>
> \* \* \* \* \* \*

*Id.* at 33 (emphasis in original). Here, Kimberly was "occupying" a vehicle which

---

**2.** We use Kimberly as "you" and "your" because she is the driver seeking coverage for driving a car other than the "covered auto."

was owned by a "family member," i.e. Kenneth. As a consequence, under the circumstances of this case, the Policy exclusion of liability coverage for the use of Kenneth's automobile under B.3 of Kimberly's Policy is subject to the exception that the exclusion of liability coverage does not apply to Kimberly while she was occupying Kenneth's automobile. Because the exception to the exclusion B.3 applies, the Policy provides coverage to Kimberly for the collision.[3] Consequently, the trial court erred by granting State Auto's motion for summary judgment.[4] *See, e.g., Bosecker,* 724 N.E.2d at 245 (holding that the insured was entitled to coverage and reversing the trial court's grant of summary judgment to the insurer).

For the foregoing reasons, we reverse the trial court's grant of summary judgment to State Auto and remand for proceedings consistent with this opinion.

Reversed and remanded.

DARDEN, J. and RILEY, J. concur.

---

**3.** Even if our interpretation of the Policy as unambiguous is erroneous, at a minimum, the Policy is ambiguous. Where a policy's language is ambiguous, we must strictly construe the policy against the insurer. *Bosecker,* 724 N.E.2d at 244. Thus, if the Policy is ambiguous, we must construe the Policy to afford coverage for Kimberly's collision.

**4.** State Auto argues that an interpretation like ours "effectively permits an insured and family members, who own more than one motor vehicle, to obtain insurance and pay premiums based solely on the risk attendant to one vehicle, but hold the insurer liable for injuries caused by the use of *all* of their vehicles."

Appellee's Brief at 20 (emphasis in original). We disagree. For example, in these circumstances, Kenneth would not be covered under Kimberly's Policy while operating his truck, *see* B.2.a. and *Owens,* 473 S.E.2d at 35–36, nor would any "family member" other than Kimberly be covered under her Policy while driving Kenneth's truck, *see* B.3. There would also be no coverage for Kimberly under her Policy while operating any other auto owned by her that was not a covered auto. *See* B.2.a. Kimberly would also not have been covered under her Policy while driving Kenneth's truck if that truck had been "furnished or available" for her regular use. *See* B.2.b.