**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIM KREHBIEL;
GERILYN KREHBIEL,

      Plaintiffs-Appellants,

v.

TRAVELERS INSURANCE
COMPANY,

      Defendant-Appellee.

No. 09-4163
(D.C. No. 2:08-CV-00110-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Tim and Gerilyn Krehbiel's daughter was severely and permanently injured
in a car accident involving Matthew Cannon. Matthew's parents, Christopher and
Claudia Cannon, were insured by Travelers Insurance Company, which agreed to
pay $1 million under the Cannons' homeowner umbrella policy, and $500,000

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under a policy that specifically insured the Hyundai Elantra Matthew was driving. Travelers refused, however, to pay under two other auto policies issued to the Cannons. That refusal sparked this declaratory judgment action in which the Krehbiels seek to resolve Travelers' liability on the two contested policies.

We affirm the district court's denial of coverage.

**I**

The contested policies identify Matthew's parents, not Matthew, as the named insured and do not list the Elantra as a covered auto in the declarations. Even so, the Krehbiels contend that Matthew is covered vis-a-vis his parents because Utah law mandates coextensive coverage for named insureds and resident relatives. *See* Utah Code Ann. § 31A-22-303(1)(a)(iii).

Travelers, however, argues that an exclusion in each policy barred coverage because Matthew's father owned the Elantra. The exclusion states:

> B. We do not provide Liability Coverages for the ownership, maintenance or use of:
> . . . .
>
> > 2. *Any vehicle, other than "your covered auto", which is:*
> >    a. *owned by you; or*
> >    b. *furnished or available for your regular use.*
> >
> > 3. Any vehicle, other than "your covered auto", which is:
> >    a. owned by a "family member"; or
> >    b. furnished or available for the regular use of a "family member".
> >
> > However, this exclusion (B.3.) does not apply to your maintenance or use of any vehicle which is:

-2-

a. owned by a "family member"; or
b. furnished or available for the regular use of a "family member".

Aplt. App. at 62, 98 (emphasis added).

According to Travelers, exclusion B.2 precludes coverage for any vehicle, other than "your covered auto," which is "owned by you" or "furnished or available for your regular use."  Since (1) the Elantra is not listed in the declarations, *see id.* at 39, 74, it is not a covered auto, *see id.* at 60, 96 (defining "[y]our covered auto" as "[a]ny vehicle shown in the Declarations"); and (2) because Matthew's father—a named insured—owned the car, *see id.* at 37 (listing title owners as "LAURA CANNON [Matthew's sister] OR CHRISTOPHER CANNON [Matthew's father]"), Travelers contends exclusion B.2 applies.  The Krehbiels point out, however, that Matthew's mother, who also is a named insured, does not own the Elantra.  Because she is not an owner, the Krehbiels assert, she is not subject to the exclusion and coverage therefore extends equally to her son Matthew.

On cross-motions for summary judgment, the district court ruled in favor of Travelers.  The court recognized the dispositive issue was whether the terms "you" and "your" refer to Matthew's parents collectively or apply to each individually; if collectively, the phrase "owned by you" includes them both and there was no coverage.  But if "you" and "your" refer to Matthew's parents individually, then presumably only Matthew's father was excluded.  Looking to

the policy definitions, the court saw that "you" and "your" refer to "1. [t]he 'named insured' shown in the Declarations; *and* 2. [t]he spouse if a resident of the same household." *Id.* at 60, 96 (emphasis added). Because Matthew's parents were named insureds and resident spouses, the court ruled they collectively satisfied the definition of "you" and "your." And applying that meaning to the policy exclusion, the court concluded that Matthew's parents were both excluded from coverage. Hence, the court rejected the Krehbiels' contention that "you" and "your" referred to Matthew's parents individually, explaining that the definitions unambiguously include all named insureds and all resident spouses.

## II

On appeal, the Krehbiels maintain that "you" and "your" refer to Matthew's parents individually and thus only Matthew's father was excluded. We review the district court's grant of summary judgment de novo, *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010), and agree that Travelers was entitled to judgment. First, the district court correctly determined under this language that the exclusion would have applied to Mrs. Cannon if she had been driving the Elantra (as a resident spouse), and by extension, her son (as a household member). Second, indefinite pronouns such as "you" or "your" can be and are used as plural pronouns in the policies—"they refer to both Chris <u>and</u> Claudia and to <u>either</u> Chris or Claudia," depending on the context of the sentence. Aplt. App. at 223 (D. Ct. Op. at 6 ) (emphasis in original). Third, Utah law did

-4-

not directly apply to the exclusion here, and many cases from other jurisdictions support the district court's interpretation. *See, e.g., Hillman v. Grace*, 498 So. 2d 1108, 1110 (La. Ct. App. 1986); *Sheldon v. Hartford Ins. Co.*, 189 P.3d 695, 699-700 (N.M. Ct. App. 2008); *Hacker v. Dickman*, 661 N.E.2d 1005, 1007 (Ohio 1996); *Sunshine Ins. Co. v. Sprung*, 452 N.W.2d 782, 784 (S.D. 1990).

Nevertheless, the Krehbiels urge us to abandon this line of cases and follow *Barclay v. State Auto Insurance Companies,* 816 N.E.2d 973, 977 (Ind. Ct. App. 2004), where the court decided "you" and "your" applied individually to a named insured and resident spouse, but not both. Advancing this interpretation, the Krehbiels assert Mrs. Cannon is "you" and Mr. Cannon is a "family member" so as to cover Mrs. Cannon as a named insured and separately exclude Mr. Cannon as owner of the Elantra.

*Barclay*, however, is distinguishable on its facts. Unlike the contested policies here, which jointly designate Christopher and Claudia Cannon as named insureds, the policy at issue in *Barclay* listed only one spouse as the named insured. *Id.* at 974. The other spouse was separately insured under a different policy issued by a different carrier. *Id.* Thus, with only one named insured, *Barclay* did not evaluate whether multiple named insureds on the same policy are considered collectively under the definition of "you" and "your." The Krehbiels overlook this distinction and cite *Barclay* for its application of the term "you" to

the only named insured.[1]  But absent a second named insured, *Barclay* offers no insight into the critical issue before us.

And while we agree that Mrs. Cannon qualifies as "you," we may not designate Mr. Cannon a "family member."  The policies (both here and in *Barclay*) define a "family member" as "a person related to *you* by blood, marriage or adoption who is a resident of your household."  Aplt. App. at 60, 96; 816 N.E.2d at 975 (emphasis added).  Because a "family member" must be "related to 'you,'" one who satisfies the definition of "you" cannot be a "family member."  *See Hillman*, 498 So. 2d at 1110 ("persons who fall within the definition of 'you' are not included among the persons who fall within the definition of 'family member'").  Consequently, Mr. Cannon must be designated "you" along with Mrs. Cannon because he is both a named insured and resident spouse.  In fact, even if Mr. Cannon were not a named insured, he would still be deemed "you" as his wife's resident spouse and vice-versa.  There is no question then that Mr. and Mrs. Cannon are both excluded under the policies.

Finally, the Krehbiels contend that if nothing else, *Barclay* renders the exclusion ambiguous.  They assert *Barclay* offers a reasonable alternative to the

---

[1]  Curiously, the court selected the named insured as "you" because she was "the driver seeking coverage for driving a car other than the 'covered auto.'" *Barclay,* 816 N.E.2d at 978 n.2.  We doubt Matthew Cannon could similarly qualify as "you" because he happens to be seeking coverage for driving the Elantra.

district court's construction, thereby precluding Travelers from establishing that the exclusion is amenable to only one interpretation. *See* Aplt. Br. at 13-14. The Krehbiels' failure to raise this issue in the district court, however, obviates our need to consider it now. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1232-33 (10th Cir. 1997).[2]

Yet even if the Krehbiels had preserved this issue, a split in judicial authority in this context does not necessarily manifest ambiguity. *See generally Hartford Accident & Indem. Co. v. U.S. Fid. & Guar. Co.*, 962 F.2d 1484, 1489 (10th Cir. 1992). Indeed, courts continue to find the contested policy language unambiguous, despite the divergent case law. *See, e.g., Sheldon*, 189 P.3d at 700. The question is whether the exclusion is "phrased in 'language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided.'" *Calhoun v. State Farm Mut. Auto. Ins. Co.*, 96 P.3d 916, 924 (Utah 2004) (quoting *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1275 (Utah 1993)); *see also id.* at 924-25 ("[P]olicy language is ambiguous only when it is not plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the

---

[2]    The Krehbiels observed in the district court that Travelers bore the burden of showing an enforceable exclusion, *see* Aplt. App. at 181-82, but they never argued, as they do now, that *Barclay* represents a reasonable, alternative interpretation that renders the policies ambiguous. In fact, they never even argued the policies are ambiguous; to the contrary, the Krehbiels asserted the policies contain language that "unequivocally" provides coverage. *Id.* at 176.

usual and natural meaning of words, and in the light of existing circumstances, including the purpose of the policy." (quotation omitted)).  Here, the exclusion clearly and unmistakably states its limitation on coverage.

## III

The judgment of the district court is AFFIRMED.  The Krehbiels' motion for certification to the Utah Supreme Court is DENIED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge