Concord District Court
No. 79-270

JEANNETTE BERTOLAMI

v.

MERCHANTS MUTUAL INSURANCE COMPANY

May 5, 1980

*Upton, Sanders & Smith,* of Concord, by brief for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* of Concord (*Robert E. K. Morrill* orally), for the defendant.

DOUGLAS, J.   The plaintiff in this case questions the legitimacy of an automobile liability policy clause that allows the insurer to deduct medical payments from amounts paid under the policy's uninsured motorist endorsement. We hold that the clause is void.

On December 22, 1970, an uninsured motorist struck and injured Janet Bertolami, minor daughter of Jeannette Bertolami, as she was crossing a street. At the time of the accident, the plaintiff had in force a Merchants Mutual Insurance Company automobile liability policy. The policy carried an uninsured motorist endorsement, which provided coverage of $15,000 for each person and $30,000 for each accident, and a medical payments endorsement with a limit of $500 for each person. The plaintiff paid a separate premium for each type of coverage.

Following the accident, the plaintiff sued both the uninsured motorist and her own insurer, Merchants Mutual. The plaintiff settled her uninsured motorist claim with Merchants Mutual for

$7,000, and she and her daughter released the company from future claims that might arise from the accident. The release, however, excepted "any claim and suit . . . which . . . Janet Bertolami may have under [the policy's] medical payments provision . . . ." The plaintiff later sued Merchants Mutual in Concord District Court for $500 in medical payments. The District Court (*Waters*, S.J.) found for the plaintiff on the merits, and the defendant appealed pursuant to Supreme Court Rule 7.

In its argument that it does not owe the plaintiff $500, the defendant relies on the following policy clause:

> The company shall not be obligated to pay under this [uninsured motorist] Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile *which represents expenses for medical services paid or payable under Part II* [*expenses for medical services*].

(Emphasis added.) Clearly this language means that any medical payments made under PART II may be deducted from payments made under the uninsured motorist endorsement. We think it equally clear that if the insurer makes medical payments under the uninsured motorist endorsement it will rely on the above clause in refusing to pay claims for the same medical payments made under PART II. Thus, if this medical payments deduction clause is valid, the plaintiff cannot recover. We hold, however, that it violates statutory law and is therefore void.

■ ■ Before addressing the statutory issue, we discuss the insurer's argument that if the plaintiff now recovers under her medical payments endorsement she will be paid twice for the same medical expenses. This, Merchants Mutual implies, would be unjust. We disagree. Charges for medical services rendered as a result of injuries inflicted by uninsured motorists are compensable under the plaintiff's uninsured motorist endorsement. RSA 268:15-a (Supp. 1970). Certainly they are insured against under the medical payments provision. The plaintiff paid a separate premium for each type of coverage. Under these circumstances, we see nothing unjust in allowing plaintiff to recover under each endorsement. Her decision to purchase personal protection beyond that afforded by her policy's uninsured motorist endorsement should not now be used as an argument to limit the company's statutory obligations under either the uninsured motorist or the

medical payments endorsement. *Bacchus v. Farmers Ins. Group Exchange*, 106 Ariz. 280, 475 P.2d 264 (1970); *cf. Shea v. United Services Automobile Assoc.*, 120 N.H. 106, 411 A.2d 1118 (1980) (plaintiff allowed to stack coverage under three separate policies for which he paid separate premiums). Since 1971, RSA 268:15-b has required a minimum amount of separate medical payments coverage.

At the time the plaintiff bought her policy, the following sections of RSA ch. 268 were in effect:

> 268:1 *Definitions*. . . . VII. "Motor Vehicle Liability Policy," a policy of liability insurance which provides . . . indemnity for or protection to the insured [and others] . . . against loss by reason of the liability to pay damages to others for damage to property . . . or bodily injuries . . . accidentally sustained . . . *to the amount or limit of at least fifteen thousand dollars on account of injury to or death of any one person . . . of at least thirty thousand dollars on account of any one accident resulting in injury to or death of more than one person . . . .*

> 268:15-a *[New] Uninsured or Hit-and-Run Motor Vehicle Coverage.* I. No [motor vehicle liability] policy shall be issued or delivered in this state . . . unless coverage is provided therein or supplemental thereto at least in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, sickness or disease, including death resulting therefrom. . . .

RSA 268:1 VII (Supp. 1970) (emphasis added), :15-a I (Supp. 1970). These statutes, read together, clearly required that the defendant offer the plaintiff minimum uninsured motorist coverage of $15,000 per person and $30,000 per accident. Nowhere in RSA ch. 268 was it permitted, or even suggested, that these minimums could be lowered at the option of the insurer. The clear thrust of the law was to guarantee that certain minimums for uninsured motorist coverage would be available to the consumer. Yet the defendant included in the plaintiff's policy a clause by which the plaintiff, if she had a $15,000 uninsured motorist claim and a

medical payments claim of $500, could recover only $14,500 under her uninsured motorist endorsement. In our opinion this is precisely the result that the legislature intended to prevent when it set precise minimums.

■ There is a separate, but related, statutory reason why the medical payments deduction clause must be voided. We have stated that RSA 268:15-a evinces a legislative intent to allow a person to protect himself against injury from uninsured motorists to the extent that he protects himself against ordinary personal liability. *See, e.g., Courtemanche v. Lumbermen Mut. Cas. Co.*, 118 N.H. 168, 385 A.2d 105 (1978); *Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 382 A.2d 910 (1978). The plaintiff's policy, therefore, cannot be read to place her daughter in a position inferior to that which she would have occupied had she been injured by the plaintiff. The medical payments deduction clause, however, does just that. The exclusion relates only to uninsured motorist coverage and not liability coverage. Thus, if the plaintiff and her daughter had been riding in the plaintiff's insured automobile, and Janet had been injured through the plaintiff's negligence, Janet could have settled with the defendant for $7,000 and still recovered $500 in medical payments. If the medical payments deduction clause is given effect, however, Janet gets her $7,000 settlement and no more.

We distinguish *Hackman v. American Mut. Liab. Ins. Co.*, 110 N.H. 87, 261 A.2d 433 (1970). In that case we held that an insurer who issues to an employer both workmen's compensation and automobile liability insurance may include in the liability policy's uninsured motorist endorsement a clause permitting the deduction of amounts paid on workmen's compensation claims. The holding rested on RSA 281:14, which provides that when a workmen's compensation carrier pays benefits to an employee injured by a third party tortfeasor, it obtains a lien, for the amount paid in benefits, against any damages that the injured employee recovers from that third party. In *Hackman*, therefore, the workmen's compensation deduction clause enabled the insurer to do no more than it had a right to do under RSA 281:14. The challenged policy paid the injured employee the same amount he would have received had he been injured by an insured third party tortfeasor.

■ Because we view the deduction clause in the present case as contrary to both the letter and spirit of our statutory law, we hold

that it is void. The illegality of the clause, however, does not invalidate the other provisions of the contract. The policy is simply now read as if the offending language were not there. *Peerless Ins. Co. v. Vigue*, 115 N.H. 492, 345 A.2d 399 (1975). The other provisions now entitle the plaintiff to a recovery under the medical payments endorsement.

■ The remaining issue in this case is whether the plaintiff can recover costs and attorneys' fees under RSA 491:22-b (Supp. 1979). The statute reads:

> 491:22-b. [*New*] *Insurance Actions: Costs and Attorneys' Fees.* In any action to determine coverage of an insurance policy *pursuant to RSA 491:22*, if the insured prevails in such action, he shall receive court costs and reasonable attorneys' fees from the insurer.

(Emphasis added.) This case did not arise under RSA 491:22; therefore, section 22-b does not apply. Absent bad faith on the part of the insurer, the plaintiff has no right to costs and fees. *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977); *see Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 392 A.2d 576 (1978).

*Affirmed.*

All concurred.