Merrimack
No. 2005-903

CRAIG HARTLEY

v.

ELECTRIC INSURANCE COMPANY

Argued: September 21, 2006
Opinion Issued: January 17, 2007

*Moquin & Daley, P.A.*, of Manchester (*Richard C. Moquin* on the brief and orally), for the plaintiff.

*Upton & Hatfield, LLP*, of Concord (*Russell F. Hilliard & a.* on the brief, and *Mr. Hilliard* orally), for the defendant.

GALWAY, J. The petitioner, Craig Hartley, appeals an order of the Trial Court (*Fitzgerald*, J.) ruling that he was not entitled to uninsured motorist coverage under his automobile insurance policy issued by the respondent, Electric Insurance Company (EIC). We reverse and remand.

The parties submitted a stipulation of facts for the purpose of resolving the coverage issue. It provided that the petitioner "was involved in an incident while within the scope of his employment" driving a large truck. When an unidentified vehicle failed to yield the right of way to the petitioner, he was forced "to jam on his brakes," which caused the straps holding a box saw in his truck to break and the saw to shift. The petitioner thought he had been struck by the vehicle behind him and stopped his truck. When he observed that the saw had shifted and was now leaning over the gate of the truck, he pulled the truck to the side of the road to reposition it. He then saw gasoline pouring from the saw onto the roadway. When he attempted to move the saw to resecure it, he suffered injuries for which he sought coverage under the uninsured motorist provision of his policy.

The petitioner's policy provided that EIC "will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of 'an uninsured motor vehicle' because of 'bodily injury' . . . caused by an accident." The sole issue before us is whether the petitioner suffered a bodily injury caused by an accident and hence was entitled to coverage under the policy.

Our review in this case is limited to the interpretation and application of the petitioner's insurance contract. *See State Farm Mut. Ins. Co. v. Pitman*, 148 N.H. 499, 501 (2002). The interpretation of insurance policy language is a question of law that we review *de novo. EnergyNorth Natural Gas v. Continental Ins. Co.*, 146 N.H. 156, 159 (2001). We construe the language as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole. *Godbout v. Lloyd's Ins. Syndicates*, 150 N.H. 103, 105 (2003). Policy terms are construed objectively; where the terms are clear and unambiguous, we accord the language its natural and ordinary meaning. *Id.*

 In this case, the trial court concluded that the petitioner was not injured as a result of an accident, but rather as the result of an intentional act by the insured that broke the chain of causation. We have previously held that "accident" is reasonably understood to mean "an undesigned contingency, . . . a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Marikar v. Peerless Ins. Co.*, 151 N.H. 395, 398 (2004). As EIC correctly states, the accident occurred in this case "when the phantom

vehicle allegedly failed to yield the right of way to Hartley causing him to jam on his brakes and cut to the left to avoid striking that vehicle." We then must determine whether the accident caused the injury for coverage purposes.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 356 (unabridged ed. 2002) defines to "cause" as "to serve as cause or occasion of: bring into existence: make." The parties have cited no cases and we have found none in which we have previously addressed whether the policy language "injury caused by an accident" requires that the causal relationship between the accident and the injury must be a direct proximate cause. *See* 8A L. RUSS ET AL., COUCH ON INSURANCE 3D § 119:29, at 119-46 (Thomson/West 2005). In *Akerley v. Hartford Ins. Group*, 136 N.H. 433, 439 (1992), we were asked to determine whether insurance coverage existed where the policy provided that the injury "must result from" the use of the uninsured motor vehicle. We noted that generally a causal connection must exist between the resulting harm and the use of the vehicle to invoke coverage. *Id.* Although proximate causation was not required to establish coverage under New Hampshire law, a tenuous connection was insufficient. *Id.*

In this case, the actions of the unidentified driver resulted in a series of events not naturally to be expected that brought into existence the plaintiff's injury. While the plaintiff did not observe the gasoline leaking from the saw until he had moved the truck to the side of the road, he concluded that it posed a continuing danger to the public that required his immediate attention. The shift in the saw's position was directly attributable to the actions of the unidentified driver. We conclude that the facts establish that the actions of the unidentified vehicle resulted in an accident that caused the injuries of the petitioner triggering coverage under the policy. Accordingly, we reverse the trial court's ruling to the contrary, and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.