Rockingham
No. 2006-613

## SCOTT A. MURLEY

v.

## HANOVER INSURANCE COMPANY

Argued: April 5, 2007
Opinion Issued: June 8, 2007

*Jensen & Zumbado*, of Hampton Falls (*John P. Elmore* and *Hector E. Zumbado* on the brief, and *Mr. Zumbado* orally), for the plaintiff.

*Horn & Lauretti,* of Boston, Massachusetts (*Michael S. Kinson* on the brief and orally), for the defendant.

*Normand & Associates, P.A.,* of Manchester (*James A. Normand* on the memorandum of law), for MaryBeth St. Laurent, as *amicus curiae.*

GALWAY, J. The defendant, Hanover Insurance Company, appeals the decision of the Superior Court (*McHugh,* J.) finding that an exclusion in the policy issued by the defendant was void and ordering the defendant to pay the plaintiff, Scott A. Murley, $5,000 for medical payments. We affirm.

The trial court found the following facts. The plaintiff purchased an insurance policy providing $100,000 in personal liability, $100,000 in underinsured motorist coverage and $5,000 in medical payments coverage from the defendant. In February 2002, he sustained injuries in a motor vehicle accident caused by William Martino in Manchester. The plaintiff collected the $5,000 policy limit from the defendant in medical payments coverage and obtained $25,000 from Martino's insurance company, which was the limit of his liability coverage. Because the plaintiff suffered more than $25,000 in damages, he pursued an underinsured motorist claim against the defendant for the remaining damages. Through arbitration, the value of the plaintiff's damages was determined to be $52,500. The $25,000 that the plaintiff collected from Martino's policy was deducted from the arbitration award, leaving a balance of $27,500. The defendant, however, paid only $22,500, relying upon the fact that it had already paid $5,000 in medical payments and upon an exclusion in the policy that prohibits duplicate payments for a single element of loss.

The plaintiff brought suit to recover the remaining $5,000 under his underinsured motorist coverage. The superior court ruled that the exclusion in the policy limiting recovery for a single element of loss was void under RSA 264:15, I (2004) and RSA 259:61, I (2004). This appeal followed.

On appeal, the defendant argues that the exclusion violates neither statutory policy nor statutory requirements under RSA 264:15, I, and RSA 259:61, I. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Swain v. Employers Mut. Cas. Co.,* 150 N.H. 574, 576 (2004). We first look to the statute's language itself, and, unless the statutory scheme defines the words used, we ascribe to them their plain and ordinary meanings. *Id.*

The insurance policy at issue provides:

## PART A—LIABILITY COVERAGE

. . . .

### LIMIT OF LIABILITY

. . . .

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part B or Part C of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

. . . .

## PART B—MEDICAL PAYMENTS COVERAGE

. . . .

### LIMIT OF LIABILITY

. . . .

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part A or Part C of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

. . . .

## PART C—UNINSURED MOTORISTS COVERAGE

. . . .

### LIMIT OF LIABILITY

. . . .

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part A or Part B of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

The parties agree that this language purports to prohibit the plaintiff from recovering both $5,000 under the medical payments coverage and $5,000 for the same injury under the underinsured motorist claim.

Absent public policy or statutory provisions to the contrary, insurers have the right to limit their liability by exclusions written in terms appropriate to convey their meaning and effect to a reasonable person in the position of the insured. *Empire Ins. Co. v. National Union Fire Ins.*

*Co.*, 128 N.H. 171, 175 (1986). Exclusions are void only when their application defeats a statutory policy or violates a statutory requirement. *Id.* at 174. Neither party argues that a reasonable person would not understand the meaning and effect of the exclusion. Thus, we must determine whether the exclusion violates statutory policy or requirements.

We first address the defendant's argument that the trial court erred in finding the exclusion void under RSA 264:15, I. RSA 264:15, I, states, in pertinent part: "When an insured elects to purchase liability insurance in an amount greater than the minimum coverage required by RSA 259:61, his uninsured motorist coverage shall automatically be equal to the liability coverage elected." Uninsured motorist statutes, like RSA 264:15, I, are designed to provide an innocent victim with a source of restitution when he cannot recover the full amount of damages from the tortfeasor. *Swain*, 150 N.H. at 576. The legislature intended RSA 264:15, I, to allow policy holders to protect themselves against injury from an uninsured motorist to the extent that they protect themselves against liability. *Turner v. St. Paul Prop. & Liab. Ins. Co.*, 141 N.H. 27, 29 (1996); *Bertolami v. Merchants Mutual Ins. Co.*, 120 N.H. 308, 312 (1980) (applying predecessor statute).

The case before us presents the same issue that we decided in *Bertolami*. In *Bertolami*, the plaintiff's minor daughter was injured by an uninsured motorist. *Bertolami*, 120 N.H. at 309. The plaintiff's insurance policy provided that medical payments could be deducted from payments made to a policy holder who was injured by an uninsured motorist, but did not provide for such a deduction under liability coverage. *Id.* at 310. Under the policy, the plaintiff's insurance company deducted $500 from the plaintiff's $7,000 uninsured motorist coverage recovery because the insurer had already made a $500 medical payment to the daughter. *Id.* at 309-10. We held that the policy's deduction of medical payments violated RSA 268:15-a (Supp. 1970), which was the predecessor statute to RSA 264:15, I, because the exclusion placed the daughter in an inferior position to that which she would have been in had the plaintiff, rather than the uninsured motorist, been liable for her injuries. *Id.* at 312. We described the inequality created by the policy in the following manner:

> The exclusion relates only to uninsured motorist coverage and not liability coverage. Thus, if the plaintiff and her daughter had been riding in the plaintiff's insured automobile, and [the daughter] had been injured through the plaintiff's negligence, [the daughter] could have settled with the defendant for $7,000 and still recovered $500 in medical payments. If the medical payments deduction clause is given effect, however, [the daughter] gets her $7,000 settlement and no more.

*Id.* at 312.

The defendant attempts to distinguish *Bertolami* by stating that the defendant's policy deducts medical payments from both underinsured motorist and liability coverage, thus eliminating the inequality created by the policy in *Bertolami*. The defendant asserts that, under its policy, had the mother and daughter from *Bertolami* been riding in the mother's insured automobile, and had the daughter been injured through the mother's negligence, the daughter would have received a total of only $7,000, rather than $7,500, because the defendant's policy prevents double recovery under liability coverage as well as under uninsured motorist coverage. Such a policy would violate a different statute, however.

RSA 264:17 (2004) prohibits subrogation, stating: "The right of subrogation against any third party shall not exist or be claimed in favor of the insurer who has paid or reimbursed, to or for the benefit of the insured, medical costs under coverage provided for pursuant to RSA 264:16." In *Bertolami*, had the mother's negligence injured her daughter, the daughter would have been treated as the "insured," as that term is used in RSA 264:17, while the mother would have been treated as the "third party" who injured the insured. The mother's insurance company thus would play two roles: (1) it would be the "insurer" of the daughter, paying the daughter the medical payments she is due; and (2) it would provide liability coverage to the mother, paying damages to the daughter to compensate her for the mother's negligence. Under this scenario, if the insurance company, in its role as provider of liability coverage to the mother, paid $7,000 in damages to the daughter, the insurance company, in its role as insurer of the daughter, could not deduct or otherwise withhold $500 from that amount to offset the $500 in medical benefits that it paid to the daughter. To do so would violate the statutory policy stated in RSA 264:17, because it would, in effect, constitute subrogation. Because such a provision would violate statutory policy, it would be void, and the defendant's insurance policy in this case would not eliminate the inequality condemned in *Bertolami*. Because RSA 264:17 prohibits subrogation against a liability claim, the daughter would receive $7,500 if she were injured by her mother's negligence. If the insurer could enforce the double recovery exclusion where the daughter was injured by an uninsured motorist, then the daughter would receive only $7,000. This result is prohibited by the statutory policy stated in RSA 264:15, I, and interpreted in our decision in *Bertolami*.

■ To the extent that the defendant's insurance policy prohibits duplicate payments for the same element of loss under its liability and medical benefits coverages, the provision is void. Once that prohibition of

duplicate payments under liability coverage is void, the same inequity that arose in *Bertolami* arises here. The policy permits duplicate medical benefits payments under a liability claim, but prevents duplicate medical benefits payments under an uninsured motorist claim. This inequity violates RSA 264:15's "legislative intent to allow a person to protect himself against injury from uninsured motorists to the extent that he protects himself against ordinary personal liability." *Bertolami*, 120 N.H. at 312. Accordingly, we agree with the trial court's ruling that the defendant's policy violates RSA 264:15.

The defendant argues that allowing the plaintiff to recover both the medical payments and uninsured motorist payments would require rewriting the insurance policy because it would allow the plaintiff to recover benefits in excess of what he purchased. We disagree. Where a plaintiff pays a separate premium for each type of coverage, we see nothing unjust in allowing the plaintiff to recover under each endorsement. *Id.* at 310. Further, the illegality of the clause does not require rewriting the policy. The policy is simply now read as if the offending language were not there. *Id.* at 313.

Because we agree with the superior court's determination that the exclusion invoked by the defendant is void, we need not determine whether the exclusion violates RSA 259:61, I.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.