Rockingham
No. 2009-389

RICHARD BRICKLEY & a.

v.

PROGRESSIVE NORTHERN INSURANCE COMPANY

Argued: March 24, 2010
Opinion Issued: August 19, 2010

*Mulvey Professional Association,* of Portsmouth (*Patrick A. Mulvey* on the memorandum of law and orally), for the plaintiffs.

*Wiggin & Nourie, P.A.,* of Manchester (*Gordon A. Rehnborg, Jr.* and *Mary Ann Dempsey* on the brief, and *Mr. Rehnborg* orally), for the defendant.

CONBOY, J. In this declaratory judgment proceeding, the defendant, Progressive Northern Insurance Company (Progressive), appeals an order of the Superior Court (*McHugh*, J.) denying its motion for summary judgment and granting partial summary judgment in favor of the plaintiffs, Richard Brickley and Richard Brickley as father and next friend of Cory Brickley. The trial court found that the term "motor vehicle" in the "Uninsured Motorist Coverage" section of the Brickley family's motor vehicle insurance policy was ambiguous and concluded that coverage was required under the policy. We affirm.

The following facts are not in dispute. On April 30, 2008, Cory Brickley (Cory), a minor, was involved in an accident while operating a 2006 Kymco MXU 250 all-terrain vehicle (ATV). As Cory exited from his parents' driveway on Pingree Hill Road in Auburn, he was struck by a Chevrolet Corvette driven by James Russell, an uninsured motorist. The ATV that Cory was operating was owned by his father, Richard, and designed for use and operation principally off public roads. At the time of the accident, Cory resided with his parents, Richard and Mary Brickley.

Progressive denied the Brickleys' claim for coverage under an automobile insurance policy, effective April 30, 2008 (the policy), issued to Mary Brickley, the named insured. The policy explicitly insures two automobiles, a 2006 Mitsubishi Outlander SE and a 2002 Mercury Grand Marquis LS, and provides five types of coverage described under separate headings. Richard Brickley (Brickley) filed suit seeking a declaratory judgment that Progressive was obligated to provide coverage under Part II of the policy for medical payments and Part III for uninsured motorist coverage. Progressive moved for summary judgment contending that it is not required to provide medical payments coverage because Cory does not meet the definition of an "insured person" under the policy, and that it is not required to provide uninsured motorist coverage because the accident fell within the policy's "household exclusion." Brickley filed a cross-motion for summary judgment arguing, in part, that the ATV Cory was operating is not a "motor vehicle" as defined under the household exclusion and

therefore Progressive is obligated to provide uninsured motorist coverage. The trial court ruled that Cory is not an "insured person" as defined in the policy and as a result Progressive is not obligated to provide medical payments coverage. The court also ruled that the term "motor vehicle" in the household exclusion is ambiguous and resolved the ambiguity in favor of the plaintiffs, requiring Progressive to provide uninsured motorist coverage. Progressive appealed.

"We review *de novo* the trial court's application of the law to the facts in its summary judgment ruling." *Progressive N. Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 151 N.H. 649, 652 (2005). We consider all of the evidence presented in the record, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party. *Id.* "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." *Id.*

"In a declaratory judgment action to determine the coverage of an insurance policy, the burden of proof is always on the insurer, regardless of which party brings the petition." *Carter v. Concord Gen. Mut. Ins. Co.*, 155 N.H. 515, 517 (2007). "The interpretation of exclusions in an insurance policy is ultimately an issue for this court." *M. Mooney Corp. v. U.S. Fidelity & Guaranty Co.*, 136 N.H. 463, 470 (1992). "Absent public policy or statutory provisions to the contrary, insurers have the right to limit their liability by exclusions written in terms appropriate to convey their meaning and effect to a reasonable person in the position of the insured." *Murley v. Hanover Ins. Co.*, 155 N.H. 540, 542 (2007). "We construe the language as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole." *Hartley v. Elec. Ins. Co.*, 154 N.H. 687, 688 (2007). "If more than one reasonable interpretation is possible, and an interpretation provides coverage, the policy contains an ambiguity and will be construed against the insurer." *Catholic Med. Ctr. v. Executive Risk Indem.*, 151 N.H. 699, 701 (2005) (quotation omitted). "Our practice of construing ambiguities against the insurer is particularly applicable when the language at issue is part of an exclusionary clause." *Carter*, 155 N.H. at 517-18. "We will not, however, perform amazing feats of linguistic gymnastics to find a term ambiguous." *Catholic Med. Ctr.*, 151 N.H. at 701 (quotation omitted).

Progressive's policy sets forth general definitions that are intended to apply throughout the policy. In addition, each section of the policy includes a list of defined terms that are intended to apply throughout that section. Defined terms are printed in boldface type to notify the reader which words

have a specific definition. The term "motor vehicle" is not defined in the general definitions section of the policy.

Part II of the policy, the medical payments coverage section, provides that:

> If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury**:
>
> 1. sustained by an **insured person**; and
>
> 2. caused by that **motor vehicle** accident.

Part II of the policy defines "motor vehicle" as "a land motor vehicle designed for use principally on public roads."

Part III of the policy, the uninsured motorist coverage section, provides that:

> If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:
>
> 1. sustained by an **insured person**;
>
> 2. caused by an accident; and
>
> 3. arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**.

Part III of the policy contains several exclusions. If one of the exclusions applies, coverage will not be provided to the insured. The relevant exclusion reads in part:

> Coverage under this Part III will not apply:
>
> 1. to **bodily injury** sustained by any person while using or **occupying**:
>
>    . . .
>
>    b. a motor vehicle that is owned by or available for the regular use of **you** or a **relative**. This exclusion does not apply to a **covered auto** that is insured under this Part III . . . .

Part III does not provide a definition for the term "motor vehicle."

Progressive points out that the term "motor vehicle" in Part III is not printed in bold and is thus not a specially defined word. It argues,

therefore, that "motor vehicle" should be given its common understanding, which it asserts is "any self-propelled, wheeled conveyance that does not run on rails." Because this definition would include the ATV at issue, Progressive asserts that the exclusion applies. Brickley argues that since Progressive chose not to define "motor vehicle" in Part III, the meaning of the term is susceptible of more than one reasonable interpretation, including the definition Progressive itself provided in Part II. That definition would not include the ATV because the ATV is not "designed for use principally on public roads." Consequently, Brickley argues that this ambiguity should be construed in favor of coverage. We agree.

We cannot say that a reasonable person in Brickley's position, based upon a more than casual reading of the policy as a whole, would conclude that the term "motor vehicle" as used in Part III means something different from its definition in Part II. Moreover, even if we accept Progressive's argument that a reasonable person would conclude that the non-bolded term has a different meaning than the defined term in Part II, such would not compel a conclusion that only one definition could apply. While Progressive cites one dictionary definition that supports its position, this is not the only definition of "motor vehicle." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1476 (unabridged ed. 2002) (defining motor vehicle as "an automotive vehicle not operated on rails; *esp*: one with rubber tires for use on highways"); THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 934 (unabridged ed. 1966) (defining motor vehicle as "an automobile, truck, bus, or similar conveyance equipped with tires and driven on roads"); SHORTER OXFORD ENGLISH DICTIONARY 1846 (6th ed. 2007) (defining motor vehicle as "a road vehicle powered by an internal-combustion engine"). While we need not rely upon dictionary definitions to resolve this case, the variety of definitions demonstrates the flaw in Progressive's assertion that there is only one common meaning of "motor vehicle."

In electing not to define the term "motor vehicle" in the exclusion in question, but including a definition elsewhere in the policy that is favorable to the insured, "the insurer has created an exclusionary clause that is reasonably susceptible to different interpretations." *Boucher v. Employers Mut. Cas. Co.*, 121 N.H. 524, 526 (1981). "In such situations we will adopt the interpretation that favors the insured." *Id.* Accordingly, we uphold the superior court's ruling that Progressive must provide Brickley with uninsured motorist coverage under the policy.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.