Hillsborough-northern judicial district
No. 2010-880

LACHLAN MACLEARN & a.

v.

COMMERCE INSURANCE COMPANY

Argued: October 19, 2011
Opinion Issued: January 27, 2012

*Buchanan, Maynard & Parodi, PLLC*, of Nashua (*Robert M. Parodi* on the brief and orally), for the petitioner and the intervenor.

*Morrison Mahoney LLP*, of Manchester (*Nicole L. Cook* on the brief and orally), for the respondent.

HICKS, J. The petitioner, Lachlan MacLearn, and the intervenor, Simon Hutchings (together, the appellants), appeal an order of the Superior Court (*Abramson,* J.) denying Hutchings' motion for summary judgment and granting summary judgment in favor of the respondent, Commerce Insurance Company (Commerce). We affirm.

The trial court found or the record supports the following facts. Lachlan MacLearn and his wife, Wendy MacLearn, were married in 2004, and reside together. In 2006, Mrs. MacLearn purchased a 2006 Toyota Prius, which she insured through a GEICO insurance policy.

On October 16, 2008, Mr. MacLearn was driving the Prius when he was involved in a motor vehicle accident, seriously injuring Hutchings. At the time of the accident, Mr. MacLearn owned a 2000 Audi A6 that was insured under a policy (the policy) with Commerce. The policy declarations listed Mr. MacLearn as the named insured and listed only the Audi A6 as the insured's automobile.

Hutchings sued Mr. MacLearn seeking damages for his injuries. Mr. MacLearn made demand upon Commerce for defense and indemnification. Commerce denied the claim, stating that coverage was barred by Exclusion B.2. That exclusion, as amended by an endorsement to conform the policy to RSA 259:61 (Supp. 2011), provides:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> . . .
>
> 2. Any vehicle, other than "your covered auto", which is:
>
>> a. Owned by you; or

　　b. Furnished for your regular use.

The denial letter noted that the policy defined "Your covered auto" to mean "Any vehicle shown in the Declarations" or a "newly acquired auto." It also noted the specific meanings of "you" and "your," which the policy define as follows:

　　A. Throughout this policy, "you" and "your" refer to:

　　　　1. The "named insured" shown in the Declarations; and

　　　　2. The spouse if a resident of the same household.

The letter then stated that "[n]o coverage exists for the 2006 Toyota Prius based on the policy language referenced above since Commerce Insurance does not provide liability coverage for a vehicle, other than 'your covered auto' which is owned by you or your spouse."

Mr. MacLearn filed a petition for declaratory judgment seeking a declaration that Commerce was obligated to defend and indemnify him. Hutchings intervened in the proceedings and Mr. MacLearn assigned his rights and interests in the declaratory judgment action to him. Both Hutchings and Commerce moved for summary judgment.

The trial court granted Commerce's motion and denied Hutchings', finding that Exclusion B.2 barred coverage. The court rejected Hutchings' argument that coverage was provided by an exception to Exclusion B.3 and found it unnecessary to address Commerce's alternative argument that Mr. MacLearn was not entitled to coverage because he misrepresented his marital status on his insurance application. The appellants then filed a motion for reconsideration, which the trial court denied.

On appeal, the appellants contend that the trial court erred in denying Hutchings' motion for summary judgment and granting Commerce's motion. They argue that coverage is not barred by Exclusion B.2 because Mr. MacLearn does not own the Prius and Mrs. MacLearn "is not seeking coverage for her use of the Prius" (bolding omitted). They alternatively argue: (1) if the policy language is found to be ambiguous it should be construed against Commerce; and (2) if coverage is barred by Exclusion B.2, it is nevertheless provided under an exception to Exclusion B.3. Finally, they assert that Mr. MacLearn did not make material misrepresentations in procuring insurance from Commerce.

"We review *de novo* the trial court's application of the law to the facts in its summary judgment ruling." *Brickley v. Progressive N. Ins. Co.*, 160 N.H. 625, 627 (2010) (quotation omitted). "We consider all of the evidence presented in the record, and all inferences properly drawn therefrom, in

the light most favorable to the non-moving party." *Id.* "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." *Id.* (quotation omitted).

■ Resolution of this case requires us to interpret exclusions in the policy, which "is ultimately an issue for this court." *Id.* (quotation omitted). "We construe the language of an insurance policy as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole." *Colony Ins. Co. v. Dover Indoor Climbing Gym,* 158 N.H. 628, 630 (2009). "Although an insurer has a right to contractually limit the extent of its liability, it must do so through clear and unambiguous policy language." *Id.* (quotation omitted).

■ "For exclusionary language to be considered clear and unambiguous, two parties cannot reasonably disagree about its meaning." *Miller v. Amica Mut. Ins. Co.,* 156 N.H. 117, 120 (2007). "If more than one reasonable interpretation is possible, and an interpretation provides coverage, the policy contains an ambiguity and will be construed against the insurer." *Brickley,* 160 N.H. at 627 (quotation omitted). "Where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning." *Concord Hosp. v. N.H. Medical Malpractice Joint Underwriting Assoc.,* 137 N.H. 680, 683 (1993).

We first address the appellants' argument that Exclusion B.2 does not bar coverage. They argue that "the language 'you' and 'your' as defined in the policy is unambiguous and means either the named insured exclusively *or* a resident spouse exclusively." They cite, as the "[t]he primary case in support of this position," *Barclay v. State Auto Ins. Companies,* 816 N.E.2d 973 (Ind. Ct. App. 2004), asserting that it stands for the proposition that when the defined terms "you" and "your" refer to one spouse, they cannot simultaneously refer to the other.

The appellants then substitute their meaning of the terms "you" and "your" into Exclusion B.2 as follows:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> . . .
>
> 2. Any vehicle, other than "your [Mr. MacLearn's] covered auto" [*i.e.*, the Audi A6], which is:
>
>> a. Owned by you [Mr. MacLearn]; or
>> b. Furnished for your [Mr. MacLearn's] regular use.

Because the Prius is not owned or regularly used by Mr. MacLearn, the appellants argue, coverage is not barred by Exclusion B.2.

We disagree. As an initial matter, "your covered auto" is a defined term. We are not persuaded to accept the appellants' premise that the word "your" within that defined term requires further definition. The appellants have cited no case to support that construction and we note that the "primary case" upon which they rely made no such substitution in an identically-worded exclusion. *See Barclay*, 816 N.E.2d at 978.

■ Furthermore, to the extent *Barclay* could be read to support the appellants' interpretation of the policy, we decline to follow it. Rather, we conclude that the correct interpretation of the policy language at issue is that reached by the Ohio Supreme Court in *Hacker v. Dickman*, 661 N.E.2d 1005 (Ohio 1996): "[I]n defining 'you,' the policy specifically uses the words 'Throughout this policy "you" and "your" refer to . . . ,' which allows for the reading of the alternatives that follow as being just that, alternatives. If either alternative is applicable, the exclusion must be applied." *Hacker*, 661 N.E.2d at 1007. We agree with the *Hacker* court that this is "[t]he only reasonable interpretation of the exclusion language with the policy's definition of 'you', " *id.*, and we therefore find that language unambiguous. We also note that this construction advances the policy behind such exclusions, which are designed to "prevent the insured from purchasing an insurance contract to cover the risk of operating one vehicle, and obtaining coverage on another vehicle that is regularly used in the household." *Sheldon v. Hartford Ins. Co.*, 189 P.3d 695, 699 (N.M. Ct. App. 2008) (quotation omitted).

Application of this construction here, by inserting the operative alternative definition, results in exclusion under both B.2.a and B.2.b, as follows:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> . . .
>
> 2. Any vehicle, other than "your covered auto" [the Audi A6], which is:
>
>> a. Owned by you [Mrs. MacLearn]; or
>> b. Furnished for your [Mrs. MacLearn's] regular use.

Accordingly, we affirm the trial court's findings that coverage is barred on both grounds.

■ We note that numerous courts have interpreted the B.2 exclusion to bar coverage for an insured's use of a noncovered auto owned by his or her resident spouse. *See, e.g., Hillman v. Grace*, 498 So. 2d 1108, 1110 (La. Ct. App. 1986); *Sheldon*, 189 P.3d at 698-99; *Sunshine Ins. Co. v. Sprung*, 452 N.W.2d 782, 784 (S.D. 1990). We now join these courts.

The appellants contend, however, that even if Exclusion B.2 bars coverage, an exception to Exclusion B.3 nevertheless provides it. Exclusion B.3 provides:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> . . .
>
> 3. Any vehicle, other than "your covered auto", which is:
>
>> a. Owned by any "family member", or
>>
>> b. Furnished for the regular use of any "family member."
>>
>> However, this Exclusion (B.3) does not apply to you while you are maintaining or "occupying" any vehicle which is:
>>
>> a. Owned by a "family member"; or
>>
>> b. Furnished for the regular use of a "family member."

The policy defines " 'Family member' " to "mean[] a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." It further defines " 'Occupying' " to "mean[] in, upon, getting in, on, out or off." The appellants contend that because Mrs. MacLearn is a "family member," Mr. MacLearn is covered while "occupying" Mrs. MacLearn's car.

We note a lack of agreement among other jurisdictions as to whether a resident spouse meeting the definition of "you" and "your" in a policy can also be a "family member." *Compare Barclay*, 816 N.E.2d at 977 (where wife is "you," husband is a "family member" and vice versa), *with Hillman*, 498 So. 2d at 1110 ("[P]ersons who fall within the definition of 'you' are not included among the persons who fall within the definition of 'family member'."), *and Sunshine Ins. Co.*, 452 N.W.2d at 785 (same). We need not decide this issue, however, because it makes no difference whether or not the exception to Exclusion B.3 applies in this case.

■ The exception relied upon, by its terms, addressed only whether Exclusion (B.3) applies. Here, Commerce did not deny coverage under Exclusion B.3. Rather it determined that coverage is barred by Exclusion B.2, a conclusion with which both we and the trial court have concurred. Whether or not the exception prevents Exclusion B.3 from also barring coverage is of no consequence.

In light of our conclusion that the unambiguous language of Exclusion B.2 bars coverage, we need not address either the appellants' argument

that the policy's ambiguity must be construed against Commerce or their contention that Mr. MacLearn made no misrepresentation in his application for insurance.

*Affirmed.*

DALIANIS, C.J., and CONBOY and LYNN, JJ., concurred.